# Bozeman v. Rushing.

*Action on Promissory Note, by Payee against Maker.*

*Compromise of pending suit, as consideration of note.* — In an action on a promissory note, given in compromise and settlement of a pending attachment suit against the maker, which was founded on a debt for the loan of Confederate money and the price of corn sold and delivered, the defendant cannot defeat a recovery on account of the invalidity of the Confederate money as a consideration.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. M. J. SAFFOLD.

This action was brought by James M. Rushing against Joseph L. Bozeman and James A. Bozeman, and was founded on the defendants' promissory note for $350, dated the 8th January, 1867, and payable to the plaintiff on the 1st January, 1868, with interest from date. The record does not show what pleas were filed. On the trial, as is shown by the bill of exceptions, after the plaintiff had read the note in evidence, Joseph L. Bozeman, one of the defendants, was examined as a witness for the defendants, and testified as follows: "Prior to the execution of said note, defendants were indebted to plaintiff for Confederate money, or treasury-notes, loaned to them by him at different times between the 7th July, 1863, and the 29th January, 1865, amounting in the aggregate to about $4,500, and also for four cribs of corn, supposed to contain about one thousand bushels, sold by him to defendants at —— per bushel, which was its true value; and there was a dispute between them as to the amount of corn in the cribs, the defendants claiming that there were sixty or seventy bushels less than represented by plaintiff at the time of the sale; and plaintiff had sued defendants by attachment.. On the day said note was executed, the defendants made out a statement of the several items of this indebtedness, reducing the Confederate money loaned to its value in gold, and adding the value of the corn as claimed by them, in all amounting to $1,800, and offered to pay plaintiff that amount in full satisfaction of his said demands. Plaintiff declined this proposition, but offered to receive $1,850, in full payment of his claims, and to dismiss said attachment suit at defendants' costs. Defendants agreed to this, and thereupon paid plaintiff $1,500 in cash, and executed the note now sued on, for the balance; and plaintiff thereupon dismissed said attachment suit, as agreed on." This being all the evidence, the court thereupon charged the jury, at the request of the plaintiff, that they must find for the plaintiff if they believed the evidence. The defendants excepted to this charge, and they now assign it as error.

[Hemingway v. Garth.]

WALLER, PITTMAN, & WALLER, for appellants.

COLEMAN & SEAY, contra.

B. F. SAFFOLD, J. — The charge of the court was correct. Giving up a suit, or any equivalent proceedings, instituted to try a question, the legal result of which is doubtful, is a good consideration for a promise to pay a sum of money for an abandonment thereof. Inequality of consideration does not constitute a valid objection, if there be an actual controversy, of which the issue may fairly be considered by both parties as doubtful. 1 Parsons on Contracts, m. p. 426, 427 ; *Maull* v. *Vaughn*, 45 Ala. 134. Notwithstanding Confederate money loaned entered into the consideration of the note in suit, the corn purchased constituted the largest proportion of the consideration, and the dismissal of the attachment suit was an essential part of it. *Curry* v. *Davis*, 44 Ala. 281. We have not held Confederate money to be an *illegal* consideration, vitiating contracts into which its use entered, on the ground of public policy.                  The judgment is affirmed.