## Campbell *et al.* v. Larmore *et al.*

*Action upon written Contract for Payment of Money.*

1. *Signing writing without reading it.*—It is no defense to an action on a written instrument, that the defendant signed it without reading it.

2. *Delivery as escrow; special plea denying execution of writing sued on.*—When a written instrument is delivered conditionally, or as an escrow only, it has no legal validity as an executed instrument unless the condition has been performed; but, in an action on such instrument, this defense can not be made without a sworn plea.—(Code, § 2770.)

3. *Agreement in compromise of dispute as to unequal advancements; sufficiency of consideration; measure of recovery.*—A written agreement between several of the children of an intestate, which recites that one daughter (Sarah E.) has received $900 less than each of the other six children, and that "for the purpose of settling the question of advancements between the parties, they agree that the said Sarah E. is to be made equal in property to the other children, the parties of the first part hereby agreeing and binding themselves to see that she is made equal by them paying an amount to be agreed on, not to be less than enough to make her equal to, or to receive as much as the others have received; and in consideration of this, she and her husband agree to accept the same in full settlement of the question of advancements, and not to litigate for the same,"—is supported by a sufficient consideration; but the amount the plaintiff is entitled to recover is only six-sevenths of $900, with interest from the date of the instrument.

[Campbell et al. v. Larmore et al.]

APPEAL from DeKalb Circuit Court.
Tried before Hon. JOHN B. TALLY.

DOBBS & HOWARD, for appellants.—The contract is supported by sufficient consideration.—35 Ala. 169; 65 Ala. 248. There was error in admitting the testimony of Nicholson, no sworn plea denying execution of instrument having been filed.

JOHN H. DISQUE, contra.

STONE C. J.—V. C. Larmore died leaving an estate, of which H. B. Campbell became the administrator. The administration is still unsettled, so far as the record informs us, and the value of the estate is not shown. The children of the decedent, as the agreement after shown tends to show, are seven in number, of whom Mrs. Campbell, Mrs. Nicholson and Mrs. Garrett are married women. On February 22. 1886, a written agreement was drawn up, containing in the body of it the names of the seven children, and the names of the husbands of the married daughters. All of said persons, except Sarah E. Campbell and her husband Henry B. Campbell are called parties of the first part, and Mrs. Campbell and her husband, parties of the second part. Said agreement recites that the said V. C. Larmore in his life time "made certain advances (advancements) to his said children," and "whereas there is an inequality in the advances made by the said V. C. Larmore in his life time, in this, that he lacked the sum of nine hundred dollars giving the said Sarah E. Campbell as much as the rest of the children. Now, therefore, for the purpose of settling the question of advances between the parties to this agreement, or such of the contracting parties as enter into this agreement, they do agree as follows: 1st., that the said Sarah E. Campbell is to be made equal in property to the other children, the parties signing this agreement as parties of the first part hereby agreeing and binding themselves to see that she is made equal by them paying an amount to be agreed on, not to be less than enough to make her equal to, or to receive as much as the other parties have received; and in consideration of this, she and her husband hereby agree to accept the same in full settlement of the question of advances, and to not litigate for the same." This agreement was signed by C. T. Larmore, T. J. Larmore, J. A. Garrett, L. J. Garrett, E. P. Nicholson, M. M. Nicholson,

S. E. Campbell, H. B. Campbell. Two names found in the body, O. J. Larmore and Sam G. Lamore, are not signed to the agreement.

The present suit was brought by Campbell and wife against all the other signers of said agreement, and was commenced April 9, 1886. It seeks to recover said nine hundred dollars with interest. Garrett and wife neither pleaded, nor made defense. The others pleaded the general issue.

There was some oral testimony as to the circumstance attending the signatures of T. J. Larmore and E. P. Nicholson to the agreement. Larmore testified that he signed the paper without reading it. This, if true, was no defense for him. He ought to have read it; and failing to do so, he must take the consequences.—*Blum v. Mitchell*, 59 Ala. 535; *Goelter v. Pickett*, 61 Ala. 387.

The testimony of Nicholson was, that he signed two papers and delivered them to Garrett, the two to be fastened together and delivered to Campbell. The additional paper he testifies to have so signed, is utterly repugnant to the agreement declared on. The one may tend to nullify, but it cannot explain the other. Any attempt to construe them together would be an absurdity. Garrett's testimony contradicts Nicholson's. He testified that Nicholson and his wife signed the second paper, and gave it to him to be delivered to Campbell, which he did. He testified, not that this paper was intended as a qualification of the contract declared on, but as a substitute, which Nicholson preferred to have as the evidence and terms of the compromise. Campbell refused to accept the substitute offered, and threw it away.

The only point of view in which Nicholson's testimony could be material, would be its tendency to prove that when he, Nicholson, delivered the agreement to Garrett to be delivered to Campbell, he also delivered the other paper signed by himself and wife, to be attached to, and delivered with the main paper. This, giving it full effect, could only tend to show that Garrett was only authorized to deliver the papers attached together as one, and that he had no authority to deliver the one without the other. He and Garrett being at issue on this point, it was a question for the jury, if there had been a proper plea to raise it. It presented the question of delivery as an escrow, which, if believed, defeats the delivery, and destroys its execution as a legal, binding executed instrument, unless there has been a performance of the condition on which the delivery is authorized to be made. *Evans v. Daughtry*, 84 Ala. 68.

[Agnew, Adm'r, v. Walden & Son.]

The defense referred to in the last paragraph above can be made only under a sworn plea, general or special, denying the legal execution of the instrument declared on.—Code of 1886, § 2770. There being no such plea ·in the present record, Nicholson's testimony was illegal.

The contract sued on in this case shows on its face a sufficient consideration to uphold it.—*Allen v. Prater*, 35 Ala. 169; *Bozeman v. Rushing*, 51 Ala. 529; *Lee v. Sims*, 65 Ala. 248; 1 Pars. Contr. (7th. Ed.) bottom p. 468; Bish. Contr. (Enlarged Edition), § 57; 1 Wait's Act. & Def. 95.

So, we think an action for money may be maintained upon it, and a recovery had for the same, "not to be less than enough to make her equal to, or to receive as much as the other parties have received." This the parties of the first part bound themselves to see done, "by them paying" such amount. The minimum sum being agreed on, and the plaintiffs claiming nothing in excess of it, the words of the contract, "to be agreed on," have no field of operation. The amount, however, would not be nine hundred dollars. One-seventh of that sum would be Mrs. Campbell's part of the loss. Six-sevenths of the sum, with interest from the date of the contract, is the extreme of her right of recovery from her co-distributees, if she is successful. More than this would place her in excess of what will have been left with them, after making good her deficiency.

The contract declared on is a strange one, and altogether, it is difficult to conceive a motive for entering into it in the form in which it is expressed. Our duty, however, is to interpret and enforce, not to make contracts for parties.

The charge of the court is opposed to the views set forth above.

Reversed and remanded.