# HINER *v.* HAWKINS.

Opinion delivered June 16, 1894.

1. *Evidence—Declarations of vendor.*

  Declarations of a vendor in a sale alleged to be fraudulent, made before the sale, are competent evidence to show the intention with which the sale was made.

2.   *Sale by insolvent—Purchaser's liability.*

One who purchases property from an insolvent debtor for an adequate consideration is not bound to see to the application of the purchase money.

Appeal from Franklin Circuit Court, Charleston District.

HUGH F. THOMASON, Judge.

*J. E. London* and *T. Marion Seawel* for appellant.

1.   While the financial standing of a party to a transaction like this is material, yet one cannot be questioned as to his solvency and standing at a *remote* period, when the amount paid in money is so very small as in this case.   It would be misleading—perhaps prejudicial.

2.   The testimony of Lytal should have been excluded.   It was immaterial, as a debtor has a right to prefer his creditors.   4 Ark. 304; 11 Wend. (N. Y.) 181; 52 Ark. 30; Burrill, Ass. (5 ed.) 215.

3.   The testimony of L. C. Locke was irrelevant and immaterial; as it related to statements made *after the sale*, the plaintiff was not present, and the issue was immaterial.

4.   It was error to refuse the 4th instruction.   46 Ark. 342; 9 *id.* 482; 17 *id.* 146; 18 *id.* 141; 23 *id.* 264; 49 *id.* 20.   A purchaser must buy with knowledge of the grantor's fraud, and do some act with the view and aim of assisting in the consummation of the sale, to render it fraudulent.   39 Ark. 571; 49 *id.* 20.   There is a difference between a purchaser and a purchasing creditor.   23 Ark. 264.   If the money paid Lytal was less than his exemptions, creditors cannot complain.   31 Ark. 554; 43 *id.* 434; 52 *id.* 497; 52 *id.* 549; 54 *id.* 194.

5.   It was error to give the 10th and 11th instructions for appellee.   31 Ark. 554; 26 *id.* 20.

*Jos. M. Hill* for appellee.

1.   The 4th instruction was properly refused.   It invades the province of the jury; it requires *participation* in the fraud.   Either knowledge of the fraud, or facts sufficient to put the purchaser on inquiry, is sufficient. 50 Ark. 314; 23 *id.* 258.   Hiner was not a "purchasing creditor."

2.   As the instructions given and the rulings upon the evidence are supported by elementary rules and recent decisions, it would be idle to review them.   50 Ark. 314; 49 *id.* 20; 45 *id.* 520; 23 *id.* 258; 11 Fed. 556.

HUGHES, J.   The appellant brought this action to recover a stock of goods, or its value, which had been seized by the appellee, as sheriff of Crawford county, by virtue of writs of attachment against the property of R. C. Lytal.   The appellant claimed title to the goods by virtue of a purchase of and bill of sale for the same, executed by Lytal to him, on the 21st of November, 1888.

The appellee denied the title of the appellants, and alleged that the title to the goods was in Lytal; and that the alleged sale of them to the appellant was fraudulent and void as to creditors, etc.

There was some conflict in the testimony, and as the judgment must be reversed, for misdirection as to the law, we refrain from comment upon the evidence.   It is proper to say, however, that the testimony tending to show the financial condition of the appellant from 1885 to 1888, and the testimony as to what Lytal had said, previous to the sale, about selling out to plaintiff with the intention of paying his home creditors all he owed them, and settling with foreign creditors at fifty cents on the dollar, and the testimony of L. C. Locke that he did not think Lytal tried to get one of his employees to help him make an inventory, and that he (Locke) advised Lytal to take stock, as it might cause him trouble if he

*1. Admissibility of declarations of vendor.*

sold in bulk, and that it was his understanding from Lytal that he sold in bulk (all of which was objected to by the appellant) was not error, as all of it except the testimony of L. C. Locke tended to show circumstances that might throw light upon the intention with which the sale was made; and the testimony of Locke was competent to contradict Hiner, who had testified and had denied making the statement testified to by Locke.

2. Purchaser from insolvent not bound to see to application of purchase money. The court gave to the jury eleven instructions, and we find no substantial error in any of them, save the tenth and eleventh, which are erroneous and, we think, prejudicial to the appellant, as there is conflict in the testimony, and we cannot say what the verdict of the jury might have been but for these instructions. It was the right of the appellant to have the law properly declared. These instructions are as follows: "(10) The payment of a full consideration of all the proceeds of the assets of the sale to the payment of debts repels the presumption of fraudulent intent upon the part of the debtor. If, however, the circumstances are sufficient to put the purchaser upon inquiry, he must see to it, and know how the money is applied in payment of the grantor's debts, and cannot rely upon a declaration of the grantor to so apply it. (11) The court further instructs you that if you believe that Lytal owned more than his personal exemptions, and appropriated any material portion of the proceeds of this sale, over and above his personal exemptions, and left unpaid any of the debts of his creditors, that this is a fraud upon his creditors."

These instructions are both to the effect that it was the duty of the appellant to see to the application by Lytal of any purchase money paid him by Hiner to the payment of Lytal's creditors. This was erroneous, and is not the law. In case of a trust, "a purchaser from a trustee is not bound to see to the application of the pur-

chase money, except where the sale is a breach of trust on the part of the trustee, and the purchaser has, either from the fact of the transaction, or otherwise, notice or knowledge of the trustee's violation of duty." *Elliot* v. *Merryman*, 1 White & Tudor's Leading Cases in Equity, p. 109. The doctrine above stated has no application in a case like this. There was no error in refusing to give the instructions that were refused. For the error in giving the 10th and 11th instructions, the judgment is reversed, and the cause remanded for a new trial.