# Harrison *v.* Alexander.

### *Statutory Action of Ejectment.*

1.  *Descent and distribution; illegitimate child can not acquire
    lands by descent.*—A child born to slaves who cohabited as
    man and wife prior to 1863, but who, after that year, never so
    cohabited or recognized each other as husband and wife, is an
    illegitimate child possessing no inheritable blood, and, there-
    fore, can take no estate by descent in the lands owned by its
    reputed father.

2.  *Ejectment; equitable title will not support action; estoppel.*—The
    fact that in proceedings in the probate court in the ad-
    ministration of the estate of a decedent, his illegitimate child
    is made a party and is described as a child of the intestate,
    and his heir at law, does not, by reason of an equitable es-

toppel, confer any legal title upon such illegitimate child to the lands of the intestate, and such child can not, by reason of such supposed equitable estoppel, maintain a statutory action of ejectment to recover the lands of said estate; since an equitable title will not support a statutory real action for the recovery of the land.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

This was a statutory real action in the nature of ejectment brought by the appellant, Easter Harrison, against the appellees, Mary and Enos Alexander. The defendant pleaded the general issue.

The plaintiff claimed title to the land sued for as an heir at law of one John Childers, deceased, and introduced evidence tending to show that John Childers was her father, and that he always recognized the plaintiff and her bothers as his children; that she and her two brothers lived with him on the land sued for up to the time of his death and remained in possession thereof until dower was assigned to Harriet Childers, the widow of John Childers. The plaintiff offered in evidence a transcript of the records of the probate court of Greene county, showing the grant of letters of administration on the estate of John Childers, deceased, a petition for dower filed by Harriet Childers, widow of John Childers, and the petition of the administrator asking for an order for the sale of the lands belonging to said estate for the payment of the debts thereof, the order of the sale of said lands, the report of sale, and the order of confirmation, and a settlement made by the administrator of the estate. It appeared from the transcript of these proceedings, that the plaintiff and her brothers were averred therein to be the children and sole heirs-at-law of John Childers, deceased, and they were made parties to each of said proceedings; and upon the final settlement of the administrator, a decree was rendered against said administrator for the amount found to be due the plaintiff and her brothers, respectively, and that Harriet Childers was also a party to said settlement. The plaintiff also offered evidence showing a complete chain of title to said land in John Childers.

The defendants claimed said lands as devisees under the will of Harriet Childers, who, after the death of John Childers, married one Brown, and the defendants offered evidence showing that the plaintiff and her brothers were born to a slave marriage prior to 1863, and that their father and mother never cohabited after that year; that John Childers and said Harriet commenced to cohabit as man and wife under a slave marriage in the year 1864 and that relation was continued by them up to the death of John Childers in 1877.

At the request of the defendants the court gave the general affirmative charge in their behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by her.

GREENE B. MOBLEY, for appellant, cited *Robbins v. Gilligan,* 86 Ala. 256; *Matkin v. Marx,* 96 Ala. 501; *Stephenson v. Reeves,* 92 Ala. 582; *Ware v. Dewberry,* 84 Ala. 568; *Whitlow v. Echols,* 78 Ala. 211; *Eatman v. Eatman,* 82 Ala. 225.

DEGRAFFENRIED & EVINS, *contra.*—The plaintiff was an illegitimate child of John Childers.—*Washington v. Washington,* 69 Ala. 281.

In actions of ejectment the plaintiff must have the legal title.—*Simmons v. Richardson,* 107 Ala. 697; *Tenn. Coal Co. v. Tutwiler,* 108 Ala. 483; *Hollingsworth v. Walker,* 98 Ala. 543; *Green v. Walker,* 83 Ala. 220; 10 Am. & Eng. Ency. of Law, (2d ed.), 482.

TYSON, J.—Action of ejectment.

Plaintiff claims title to the lands in controversy as an heir at law of one John Childers. The evidence shows without dispute that Childers and the plaintiff's mother were slaves. That she was born to them prior to 1863, and that they never cohabited as husband and wife or recognized each other in that relation in any way after the year 1863. That some time in 1864 John, the reputed father of plaintiff, intermarried with one Harriet,

a slave, and they commenced to cohabit with each other and to live together as husband and wife, recognizing each other as such and continued in this relation until his death in 1877.

On this state of facts, it is clear that the plaintiff is an illegitimate child of John, possessing no inheritable blood and, therefore, took no estate by descent in his lands.—*Washington v. Washington*, 69 Ala. 281; *Woods v. Moten*, 129 Ala. 228.

But it is insisted that the defendants, by reason of the proceedings had in the probate court in the administration of the estate of John Childers, are estopped to deny the legitimacy of the plaintiff. This same contention was made, predicated upon the same state of facts, in a partition suit instituted by this plaintiff against one of these defendants and others.—*Harrison v. Taylor*, 111 Ala. 317. Answering this contention this court said: "It is not claimed, nor can it be, that these facts and proceedings relied upon as an estoppel conferred any legal title upon complainant." This being true, conceding that the facts disclose an equitable estoppel, without deciding that they do, the plaintiff cannot recover in this action. An equitable title will not support an action of ejectment.—*Sharpe v. Brantley*, 123 Ala. 105; *Simmons v. Richardson*, 107 Ala. 697; *Hollingsworth v. Walker*, 98 Ala. 543.

In this action the plaintiff must recover upon the strength of her own title as against these defendants who are in possession under color of title.—*Price v. Cooper*, 123 Ala. 392.

Affirmed.