(127 So. 176)

**COSTON v. McCLELLAND et al.**

1 Div. 554.

Supreme Court of Alabama.

Dec. 19, 1929.

Rehearing Denied March 20, 1930.

C. L. Hybart, of Monroeville, for appellant.

H. H. McClelland, of Talladega Springs, for appellees.

**SAYRE, J.**

Plaintiff counted upon a breach of defendants' covenant of warranty in the sale of a tract of land. The original complaint alleged that defendants "conveyed by their warranty deed to the plaintiff a three-fourths interest" in the lands described. Defendants' deed to plaintiff having been excluded by the court, plaintiff amended his complaint by striking the words "a three-fourths interest," and then again offered the deed in evidence. On defendants' objection that the deed was "irrelevant, immaterial and a variance from the complaint," the court again ruled against its admissibility, and plaintiff, having reserved exception to both rulings, took a nonsuit with a bill of exceptions.

Consulting the briefs on both sides, we infer that the rulings heretofore noted proceeded upon the theory that the deed was a mere quitclaim and contained no warranty of title. In this the court erred. Referring to the deed, it will be seen that the word "quitclaim" nowhere occurs. It evidences an effort to "grant, bargain, sell and convey" the described real estate, and contains an express covenant of warranty of seisin free of all incumbrances with an undertaking to defend "the premises" to plaintiff, his heirs and assigns forever "against the lawful claims and demands of all persons." By inference similar to that hereinbefore noted, we conclude that the court's ruling that there was no covenant of warranty of title rested upon the language of the deed at two points, viz. "all our undivided interest" and "the premises." Such at any rate is the basis of the argument on behalf of appellees. The argument, to state it briefly as we understand it, is that the conveyance of an "undivided interest" in "the premises" imports a quitclaim only notwithstanding the express covenant and notwithstanding the fact that in his original complaint the plaintiff described the quantum of his property in the land as a "three-fourths interest."

We are referred to 18 Corpus Juris, p. 156, § 32, for a discussion of the question presented for decision. The text referred to and the statements of the note (44) set out a number of cases with the purpose to show when a deed is a quitclaim and when not; but the authorities there cited do not draw the line of cleavage very distinctly. Teideman on Real Property, § 858, is quoted in Reynolds v. Shaver, 59 Ark. 303, 27 S. W. 78, 43 Am. St. Rep. 36, cited now by appellees. It says:

"If a deed purports to convey in terms the right, title and interest of the grantor to the land described, instead of conveying in terms the land itself, a general covenant of warranty will be limited to that right or interest, and will not be broken by the enforcement of a paramount title outstanding against the grantor at the time of the conveyance." The effect of the quoted text is to make good whatever interest or property right the grantor had at the time of the conveyance and nothing more. The terms of such a covenant warrants nothing against the claims of third persons. But that is not this case. We have quoted enough of the language of the deed to make it clear that a warranty was intended. In this connection, no importance nor peculiar meaning as determining the question between the parties can be attached to the term "premises" used in the conveyance. The term means only the property, the land, described in the deed, whether the quantum of interest be the entire fee or an undivided interest therein.

 The difficulty in decision arises out of the phrase "undivided interest" in plaintiff's muniment of title. So far as the deed discloses, apart from the rule of construction to be presently noted, the intent of the grantors was to convey the entire fee, undivided as among themselves, or a part of the fee undivided as between themselves and another proprietor or other proprietors. But the deed recites a valuable consideration of $15,000 to the grantors in hand paid, and its terms must be construed most strongly against the grantors and in favor of the grantee. Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L. R. A. (N. S.) 719, and authorities there cited. So construed, the deed offered in evidence purported to convey the entire fee, undivided as between the two grantors, and the covenant, for aught now appearing, must be construed as a warranty of that fee on the joint and several responsibility of both grantors. Assuming, for the argument only, that the case will proceed to judgment along the line heretofore indicated, the measure of damages, in accordance with the rule governing damages for breach of contract generally, will be compensation for the actual loss suffered by reason of the breach. 15 C. J. 1317. And this will be true without regard to whether defendant grantors intended to convey the entire fee, undivided as among themselves, or a lesser interest in the fee, undivided as between themselves and another proprietor or other proprietors. And, of course, appellees cannot be heard to complain if it should be made to appear that in his original complaint the plaintiff claimed compensation for the loss of a lesser interest than the grantors' covenant undertook to warrant. The court erred in both its rulings excluding the deed from evidence.

We have undertaken to state applicable principles of law; we intend to express no opinion as to what the judgment should be after the evidence shall have been heard.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

## On Rehearing.

SAYRE, J.

In appellee's brief on rehearing we are referred to Sweet v. Brown, 12 Metc. (Mass.) 175, 45 Am. Dec. 243, and other cases in the same line, in which it was held that, where the grant was of—to quote the language of Sweet v. Brown—"all my right, title, and interest in and to that parcel of real estate [describing it]," followed by unlimited covenants of seisin, good right to convey, against incumbrances, and of warranty, it was held that these covenants were limited merely to the right and title of the grantor, whatever that might be. Here we note that the language of the deed under which appellant claimed was: "Do hereby grant, bargain, sell and convey unto the said G. J. Coston, his heirs and assigns, the following described real estate, situated in the county of Monroe and State of Alabama, to wit: All our undivided interest: (describing the land) To have and to hold the aforesaid premises to the said G. J. Coston, his heirs and assigns forever, and we do covenant with the said G. J. Coston, his heirs and assigns, and that we are lawfully seised of the aforegranted premises," etc.

We have stated the ruling in Sweet v. Brown, supra. There are similar cases noted under page 498 of Rawle on Covenants (5th Ed.). But, says Rawle: "It may however be observed of these cases, that inasmuch as all conveyances taking effect under the Statute of Uses transfer no more than the estate of the party, such a course of decision, if too strictly carried out, would in such conveyances restrain all general covenants for title to the acts of the vendor, and thus of course utterly change the nature of such covenants. It is conceived therefore that this class of cases should be limited in their application to those where the intention to convey and receive but a limited estate plainly appears on the face of the deed." We have shown the difference between the covenants in this case and in Sweet v. Brown. "And in a case in Massachusetts, where the conveyance was of 'the following described water lots,' and, appended to the description by metes and bounds, the words 'meaning and intending by this deed to convey all my right, title, and interest in and to lots numbered three and six, and my undivided portion of the aforementioned flats,' it was held that the general covenants for title which the deed contained

were not restricted merely to the interest of the grantor." Rawle on Covenants (5th Ed.) p. 499; Hubbard v. Apthorp, 3 Cush. (Mass.) 419. Other cases, English and American, to the same effect, will be found noted in the text of Rawle. And in Lull v. Stone, 37 Ill. 228, the court doubts the holding in Sweet v. Brown and the cases in that line in this language: "It is difficult to see, if this be the true construction of such deeds, with what view the covenants were inserted," and more to the same effect.

Our conclusion is that the original opinion in this cause reached a right result.

Rehearing overruled.