### McCLELLAND v. COSTON.

### COSTON v. McCLELLAND.

### 1 Div. 744.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied Sept. 28, 1933.

268

H. H. McClelland, of Talladega Springs, Wm. F. Thetford, Jr., of Montgomery, and J. D. Ratcliffe, of Monroeville, for appellant.

C. L. Hybart, of Monroeville, for appellee.

KNIGHT, Justice.

Suit by G. J. Coston, appellee here, to recover damages for breach of a covenant of warranty in the sale of lands by appellant's intestate, and another, to the appellee.

From a judgment for plaintiff in the court below against the said H. H. McClelland, as administrator of the estate of James H. McCreary, deceased, one of the covenantors, the main appeal in this case is prosecuted. There is also a cross-appeal by the appellee against (Mrs.) Mattie E. Massey, in whose favor there was a judgment in the court below.

This case has been before this court once before, and, upon that appeal, the deed executed by appellant's intestate and Mrs. Massey was construed adversely to the present contention of the appellant. Coston v. McClelland et al., 220 Ala. 598, 127 So. 176, 177. In the report of this case on former appeal, the deed now before this court is set out in full, so that it would serve no useful purpose to again set it out, either in this opinion, or in the report of the present appeal.

 On the former appeal we held that: "So far as the deed discloses, apart from the rule of construction to be presently noted, the intent of the grantors was to convey the entire fee, undivided as among themselves, or a part of the fee undivided as between themselves and another proprietor or other proprietors. But the deed recites a valuable consideration of $15,000 to the grantors in hand paid, and its terms must be construed most strongly against the grantors and in favor of the grantee. Dickson v. Van Hoose,

157 Ala. 459, 47 So. 718, 19 L. R. A. (N. S.) 719, and authorities there cited. So construed, the deed offered in evidence purported to convey the entire fee, undivided as between the two grantors, and the covenant, for aught now appearing, must be construed as a warranty of that fee on the joint and several responsibility of both grantors." Coston v. McClelland et al., supra.

The case was further considered on rehearing, and the court adhered to its original opinion. A reconsideration of the case, on this appeal, convinces us that the construction heretofore placed upon the deed was correct, and we adhere thereto.

The case of Clements v. T. S. Faulk & Co., 181 Ala. 219, 61 So. 264, and other cases cited by appellant in supplemental brief filed are not analogous to the one now before us, as a casual reading of the same will disclose.

On remandment of the cause, the plaintiff filed additional counts A and B.

The defendant filed demurrer to the complaint, and to each count separately and severally. This demurrer was overruled by the court.

 We are fully persuaded that the several counts were sufficient as against the grounds of demurrer directed thereto, and the court properly overruled the same. As we see it, the question attempted to be raised by the demurrer was settled adversely to the appellant on the former appeal, and we see no good reason to depart from that ruling. If it may be said that count A was defective in any of the particulars pointed out by the demurrer (which is not conceded), the original complaint and added count B stated the plaintiff's case fully, and if plaintiff was entitled to recover at all, the recovery could be had under the counts of the complaint, other than count A. The error, if any, in overruling the demurrer to count A would, therefore, be harmless.

With their demurrer to the several counts of the complaint overruled, the defendants filed the plea of general issue and a number of other special pleas; the special pleas being lettered from A to V, both inclusive, and others were numbered 1, 3, 4, and 5. Plea 1 was the general issue. Plea 2, if there was one, appears to have been omitted. The court sustained plaintiff's demurrers to pleas lettered from A to N, and to pleas O, P, R, but overruled demurrers to pleas 1, 2 (omitted), 3, 4, and 5, and to Q, S, T, U, and V.

The special pleas attempt to set up misrepresentations, concealment of facts, and deceit practiced by the plaintiff in procuring the execution of the deed, and insanity on the part of James H. McCreary, one of the grantors.

 Pleas O and P, setting up the insanity of James H. McCreary, were insufficient, and

subject to demurrer for failure to allege notice to the grantee of the grantor's insanity. Section 6822 of the Code provides: "Whenever any person shall in good faith, and for a valuable consideration, purchase real estate from an insane person, without notice of such insanity, such contract and conveyance shall not be void, but such insane person may recover from the vendee or those claiming under him, the difference between the market value of such[ real estate at the time of the] sale and the price paid therefor, with interest thereon, and shall have a lien on such real estate to secure the same, and the purchasers from such vendee, without notice of the insanity of the original vendor, shall be protected in like manner and have the benefits of this section." This section of the Code has received judicial construction in the following cases: Hale v. Hale, 201 Ala. 28, 75 So. 150; Hughes v. Dempsey, 209 Ala. 375, 96 435; Alexander v. Livingston, 206 Ala. 186, 89 So. 520; Thomas v. Holden, 191 Ala. 142, 67 So. 992. However, the insanity of the appellant's intestate at the time of the execution of the deed was treated by the court and the parties as one of the litigated issues in the case.

■ The other pleas of the defendants, which undertook to set up fraud, misrepresentations, fraudulent concealment of facts, and deceit, and to which demurrers were sustained, were manifestly bad, in that they failed to state the facts relied upon to show fraud, misrepresentation, deceit, and fraudulent concealment. In all such cases it is required that the facts relied upon to show the fraud, misrepresentations, deceit, or concealment should be stated, and not the mere deductions or conclusions of the pleader. Nat. Park Bank v. L. & N. R. Co., 199 Ala. 192, 74 So. 69; Williams et al. v. Bedenbaugh, 215 Ala. 200, 110 So. 286; Griel v. Lomax, 89 Ala. 420, 6 So. 741; Cannon v. Birmingham Trust & Savs. Co., 194 Ala. 469, 69 So. 934; Pratt, etc., Co. v. McClain, 135 Ala. 455, 33 So. 185, 93 Am. St. Rep. 35; Mountain v. Whitman, 103 Ala. 630, 16 So. 15; Little v. Sterne, 125 Ala. 609, 27 So. 972; Warren v. Hunt, 114 Ala. 506, 21 So. 939; Loucheim v. Bank, 98 Ala. 521, 13 So. 374; Reynolds v. Coal Co., 100 Ala. 296, 14 So. 573; Hyman v. Langston, 210 Ala. 509, 98 So. 564. And of course, as to the pleas attempting to charge the plaintiff with a fraudulent concealment of the facts by silence, facts should be averred from which the duty to speak arises. Williams et al. v. Bedenbaugh, supra.

We are at the conclusion that the court did not err in sustaining the demurrers to defendants' pleas A to N, and pleas O, P, and R.

■ It is insisted that the court committed error in permitting plaintiff to read in evidence the deed executed by the defendants to the plaintiff. It is true there was in the case a plea of non est factum) in plea 5, but before the offer was made to read the deed in evidence, the justice of the peace who took the acknowledgments to the deed, had testified that Mrs. Massey and the appellant's intestate had each signed the deed in his presence, as a justice of the peace, and it bore his name as a subscribing witness thereto and his official certificate to the acknowledgment. There was no contention on the trial that the grantors had not in fact executed the deed. There was no error in permitting the plaintiff to read the deed in evidence.

Of course, the question propounded by the defendants to the witness Mason, "And therefore you wrote a letter to me about conditions and asked me to come down there?" was manifestly objectionable. The court committed no error in this ruling.

■ The question propounded to the witness Finklea, who was supposed to be "skilled in the matter of written land numbers," viz., "All east of road in east half of south-west quarter and southwest quarter, section 10, what does that comma there indicate?" was clearly subject to objection. It was not a matter of expert knowledge of "written land numbers," whatever that term may mean, nor was it a question that any expert could speak upon, except the court.

A number of witnesses were examined by the defendants, and also by the plaintiff as to the sanity vel non of the grantor, James H. McCreary, deceased, at the time the deed in question was signed by him. The defendants objected to the testimony of the witnesses examined in that regard by the plaintiff, upon the ground that, being nonexperts, their acquaintance with Mr. McCreary was not sufficient to render them qualified to give their opinions on the subject.

■■ Of course, a witness, whether expert or not, must, before giving an opinion as to the sanity or insanity of the party inquired of, be shown to be qualified to express an opinion on the subject. The question of competency or qualification vel non of the witness, whether expert or nonexpert, to give an opinion on the subject is a question for the court, and its decision will not be revised unless it clearly appears to have been erroneous. Parrish v. State, 139 Ala. 16, 36 So. 1012; Odom v. State, 174 Ala. 4, 56 So. 913; Melvin v. Murphy, 184 Ala. 188, 63 So. 546.

■ Each of the witnesses examined by the plaintiff touching the sanity of the grantor, James H. McCreary, had known the said McCreary for many years, and their acquaintance with him during those years was such as to afford them opportunities to form a judgment as to his sanity. They were, in our opinion, qualified to testify that in their judgment Mr. McCreary was a man of sound mind. The court so ruled, and we see no rea-

son to disturb his ruling in this particular. Authorities, supra.

■ The only portion of the oral charge of the court, to which exception was attempted to be reserved, is not assigned as error, and there was no exception to the excerpt from the oral charge set out in appellant's twenty-ninth assignment: therefore this assignment of error can avail the appellant nothing.

■ Charges 8, 9, and 10, given at the request of the plaintiff in writing, assert correct propositions of law, and were given without error. Stanfill v. Johnson, 159 Ala. 546, 49 So. 223; White v. Farley, 81 Ala. 563, 8 So. 215; In re Carmichael, 36 Ala. 515, 522; Schieffelin v. Schieffelin, 127 Ala. 16, 28 So. 687.

■ Charge 12 was misleading, as asserted in brief of appellant, but it was incumbent upon the defendants, if they considered the instruction misleading, to have requested an explanatory charge.

There is no evidence in this record tending in any way to show that any fraud, deceit, misrepresentation, or other improper conduct was practiced by the plaintiff, or Mr. Harper, to induce the appellant's intestate to execute the deed in question, and therefore charges 2, 3, and 4 were abstract, and properly refused for that reason, if for no other.

■ Charge 9, requested by the defendant, was refused without error.

The evidence did not warrant the giving of the general affirmative charge in favor of the defendants.

It is lastly insisted by appellant that the trial court committed error to a reversal, in overruling his motion for a new trial. We have given this contention careful consideration. The evidence leaves no room to seriously doubt that the verdict of the jury finds substantial support in the evidence. The trial court had the benefit of seeing and hearing the witnesses, and by its ruling it gave its sanction and approval to the verdict. We are not impressed that any errors of law intervened to the prejudice of the appellant on the trial of the cause. After full consideration of all matters of law and fact involved, we see no reason for judicial interference with the verdict of the jury, or with the court's determination of the law of the case. Having determined all questions presented for review on this appeal adversely to the appellant, it follows that the judgment of the trial court will be, and is, here affirmed.

■ It appears from the record that appellee prosecuted a cross-appeal from the judgment as to the defendant Massey. However, no errors have been assigned by the cross-appellant, upon the record, and the judgment of the circuit court, as to Mrs. Massey, will be here affirmed.

Affirmed on both main and cross appeals.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.