189 So. 732

**HENDERSON et al. v. NOLAND.**

**6 Div. 438.**

Supreme Court of Alabama.

May 18, 1939.

Rehearing Denied June 22, 1939.

214

L. C. Bell, of Tuscaloosa, for appellants.

F. F. Windham and R. C. Price, both of Tuscaloosa, for appellee.

FOSTER, Justice.

This is an action of ejectment by appellee against appellants, of whom John Henderson alone claims the land. It seeks to recover a strip of land of about five acres in a parallelogram near the center of the north half of northeast quarter of northwest quarter, section 33.

It is claimed to be a portion of a tract of ninety-six acres purchased by appellee from Mrs. Ollie Pearson Thomas by warranty deed, dated October 28, 1936. Both parties claim under J. G. Pearson, deceased, whose will was admitted to record on April 16, 1934. He left surviving five adult children, to whom all his property was bequeathed, and all of whom conveyed to one of them, Mrs. Ollie Pearson Thomas, supra, by warranty deed, dated November 2, 1935, —the land said to contain. ninety-six acres describing two forties as eighty acres, also sixteen acres in the north half of northeast quarter of northwest quarter, Section 33. This deed recites in parenthesis that deceased owned twenty-three acres in the north end of said forty, and had deeded five acres of the east end of it to Mitchell, and two acres of the east end to another, and described in a deed from one Tilley to Marler. This makes seven acres recited in this deed as having been conveyed by J. G. Pearson in his life time, which taken from the twenty-three acres, just mentioned, leaves sixteen, which with the two forties make the ninety-six acres conveyed to Mrs. Thomas. She by the same description conveyed ninety-six acres to appellee. He claims, and the evidence shows, that in order to embrace such acreage, and to take off the seven acres on the east end of the twenty-three acres his east line will extend to a location which includes the five acres here in queston claimed by John Henderson. John Henderson claims this five acres under a chain of title from J. G. Pearson in connection with the two tracts, to which reference was made above as a five acre tract and a two acre tract, each separately.

Of course the deed to Mrs. Thomas and by her to appellee could not serve to convey land not owned by J. G. Pearson in his life time. Whether the five acres now in dispute are included in the tracts which he had sold in his life time is a matter which must have attention. He had deeded to Mitchell on January 6, 1911, a tract said to embrace thirty-eight and one-half acres, which includes thirty acres in an adjoining forty on the east and the lot here in question, which is described as here material, as follows: "Beginning at the NE corner of the NE¼ of NW¼ section 33, T. 20, R. 12 West, thence South 759 feet,

216

thence West 660 ft., thence North 279½ft., thence East 353 ft., thence North 279½ ft., thence East 287 ft., to point of beginning." A diagram of a lot of that description so situated was introduced by defendant and is as follows:

Defendant insists that this was intended to embrace eight and one-half acres, described so that where it has north 279.5 feet, it should have been 379.5 feet.

Defendant claims that Mitchell sold this eight and one-half acres to R. S. Marler, but the deed was not produced. R. S. Marler sold to Mrs. M. L. Marler a tract by deed dated February 15, 1919, including a lot, eight and one-half acres described as above, using the number 379.5 instead of 279.5. Mrs. M. L. Marler sold to her son A. G. Marler (and brother of R. S. Marler) by deed dated September 5, 1922, eight and one-half acres by the same description. A. G. Marler is alleged to have sold the same to J. W. Jones, but no deed was produced.

J. W. Jones sold to Thomas F. Harless by deed dated December 29, 1926, land including east half of northeast quarter of northwest quarter section 33. Thomas F. Harless sold to Oscar L. Pearson and Anna Pearson Springer by deed dated February 3, 1937, land by same description last above mentioned. Oscar L. Pearson and Anna Pearson Springer sold to appellant John Henderson by deed dated November 13, 1937, land by that same description.

The last three conveyances above purport to describe ten acres supposed to include the eight and one-half acres above mentioned and also the three and a quarter acres lying north and west of the other, making eleven and three-quarters acres in a parallelogram, including the five acres

sued for off the west side thereof. This three and one-quarter acres is supposed to have been conveyed by J. G. Pearson before he died to one Tilley. There was no such deed produced. But there was produced a mortgage of record from Tilley to Pearson dated December 9, 1918, due November 1, 1924, including 213⅞ acres, and which is supposed to include this three and one-quarter acres as embraced in that part of the description as follows: "18 acres more or less described as follows: in NE¼ of NW¼, seventeen acres off the South end deeded to W. O. Mills five acres off the East end deeded to M. C. Mitchell, the remainder being 18 acres more or less lying North and West of above described parcels in sec. 33." This small tract is then supposed to be included in a deed from Tilley to Mrs. M. L. Marler, supra, by deed dated March 20, 1920, and to be included in a description as follows: "Beginning ten yards north of the SW corner of the Osker Pearson 20 acres running East 115 yards, thence South 145 yds., thence West 115 thence North 145 yards to point of beginning containing 3½ acres more or less." Said land being in section 33.

Mrs. Marler includes this by the same description in her deed embracing also the eight and one-half acres to A. G. Marler, supra. And we have shown that the deed by him to J. W. Jones was not produced, but that the deeds from Jones to Harless, and from Harless to Oscar L. Pearson and Anna Pearson Springer, and from them to appellant John Henderson, describe ten acres as being the east half of northeast half of northwest quarter of section 33.

Appellant has argued only three assignments of error. One is the refusal to him of the affirmative charge; the second is in giving charge 6 for appellee, which we interpret to mean that although Oscar L. Pearson and Mrs. Anna Pearson Springer may not, along with the other heirs of J. G. Pearson, have owned the tract in dispute when they deeded it to Mrs. Ollie Pearson Thomas on November 2, 1935, and when she deeded it to appellee on October 28, 1936, the title which they later acquired from Harless, as shown above, on February 3, 1937, immediately passed to appellee under the warranties in his deed. (Though the charge is not clearly framed, it is argued as meaning what we have said, without a suggestion that it is misleading in its effect.) The third contention in

argument is based on the denial of the motion for a new trial.

■ When there is an ambiguity or uncertainty apparent in the description of property conveyed in a deed, evidence of collateral circumstances which will tend to make it certain is admissible. Karter v. East, 220 Ala. 511, 125 So. 655; Slaughter v. Carney Mill Co., 221 Ala. 121, 127 So. 671, citing the older cases. In such a situation, the interpretation of the conveyance is a question for the court, while the finding of the attendant facts is a function of the jury. Chambers v. Ringstaff, 69 Ala. 140.

■ And here, as in all cases when the evidence is in conflict or the inferences are conflicting, the court must submit the finding as to them to the jury. Chattahoochie & Gulf Rwy. Co. v. Pilcher, 163 Ala. 401, 51 So. 11; Klepac v. Fendley, 222 Ala. 417, 132 So. 619; Garrow v. Toxey, 188 Ala. 572, 66 So. 443.

■ Turning to the description in the deeds under which appellee claims, so far as here material, it first calls for sixteen acres in the north half of northeast quarter of northwest quarter, section 33. It then refers to another deed describing twenty-three acres off the north end of northeast quarter of northwest quarter, section 33, and then shows that the sixteen acres are to be ascertained by deducting from those twenty-three acres on the east end a five acre tract deeded by Pearson to Mitchell, and a two acre tract deeded by Tilley to Marler. Taking that on its face, it means that the seven acres to be deducted from the twenty-three acres are in a parallelogram off the east end of the twenty-three acres, which are also in a parallelogram on the north side of the forty, unless the evidence shows that they are not so situated. Southern I. and S. Co. v. Stowers, 189 Ala. 314, 66 So. 677.

■ The collateral evidence as to the description of those tracts does not change the meaning above stated in so far as to ascertain what is actually there described as being conveyed.

As to the tract deeded to Mitchell the description in the deed is agreed by all to be erroneous. Appellant claims that it was intended for eight and one-half acres, and that the measurements in the deed are not correct.

We have set out the description of a lot of what is called three and one-half acres

in the deed from Tilley to M. L. Marler (not A. G. Marler, as stated in appellee's deed). But that deed describes a lot which apparently is partly in the forty north of that in controversy. So that the description in the deed to appellee, so far as the seven acres are concerned, is not aided by the deeds mentioned in it; nor is it made so uncertain as not to mean a parallelogram off the east end of twenty-three acres on the north side of the forty. We are therefore inclined to the view that the description in the deed to appellee includes the tract in question as a matter of law, since it will do so if its meaning is as we have just indicated.

■ The court charged the jury that if they were reasonably satisfied that Mr. Pearson and Mrs. Springer included this tract in their deed to Mrs. Thomas, and that they later acquired title to it, such later acquired title inured to the benefit of plaintiff (appellee). Such is also what we understand to be the meaning of given charge 6, supra. Appellant cannot complain that this question was left to the jury, since we think the court could have so held without a jury.

■ But whether such charge is correct depends upon whether the deed to Mrs. Thomas was of such sort as that under its warranty title so acquired passed to her. Mr. Pearson and Mrs. Springer acquired this land, if at all, by deed dated February 3, 1937. The deed to them, as we have shown, describes this land as the east half of northeast quarter of northwest quarter, section 33. This may not be sufficient to include that small portion of the tract sued for South of the east and west center line of the forty. But it is by that description that appellant claims the land. And if it does not embrace it, he has no color of title to that extent. If it does, then it embraces that which was included in the deed by Mr. Pearson and Mrs. Springer to Mrs. Thomas.

The deed to Mrs. Thomas containing the warranty was signed by the other four heirs, she being the fifth. It recites that the five of them are all the heirs of J. G. Pearson, and that the deed is a part division of the estate. So that it does not expressly state that each is conveying only the one-fifth share which he inherited, but it is not a sale to one not a shareholder, but it appears to be in lieu of a judicial partition of the estate, in which, by other stipulations not in the deed, other property

of equal value was presumably set off to those who signed this deed.

When two adult children of a decedent, there being eight, sold their undivided interest to a person not an heir, not to effect a division of the estate, but with warranty, it was held in Clements v. T. S. Faulk, 181 Ala. 219, 61 So. 264, that the warranty did not cover any future interest which such grantors might acquire by purchase or inheritance in the other six-eighths interest.

On the other hand in Coston v. McClelland, 220 Ala. 598, 127 So. 176, 177, Id., 227 Ala. 267, 149 So. 697, where parties conveyed by warranty deed to plaintiff a three-fourths interest in the land, and warranted "all our undivided interest in the premises," in an action for a breach of the warranty, the court observed if the effect "is to make good whatever interest or property right the grantor had at the time of the conveyance and nothing more. The terms of such a covenant warrants nothing against the claims of third persons. But that is not this case. * * * the deed * * * purported to convey the entire fee, undivided as between the two grantors, and the covenant * * * must be construed as a warranty of that fee on the joint and several responsibility of both grantors."

And in Cobbs v. Union Naval Stores Co., 202 Ala. 333, 80 So. 415, it was held that when one had no interest whatever but conveyed with warranty an undivided half interest, his vendee became vested of such interest when it was later acquired by the vendor.

If Mrs. Thomas received nothing by such deed because of the absence of title in their ancestor, she has not received her proportionate share in the estate. Presumably the others received property of equal value. Those others should in some form account to her for the value of that part of it which was lost to her on account of the failure of the title to the land which was supposed to have been inherited. Campbell v. Larmore, 84 Ala. 499, 4 So. 593; 18 Corpus Juris 888, section 158, page 891, section 160. One good way to do that would be to buy in the property thus lost to her and deed it to her. But if the other four did that without contribution from her, she would get an one-fifth more than they. If two of them bought the entire fee such portion would inure to her as would satisfy their obligation under their warranty,—not now considering a situation in equity where there may have been no warranty. 18 Corpus Juris 891, section 160.

The deed shows that it was evidence of a partition by which this land was set off to her. When so, the warranty we think only extended as to each to the share which he undertook to convey to her. Porter v. Henderson, 203 Ala. 312, 82 So. 668(11).

If the title failed her because the estate did not own it, she should sustain one-fifth of the loss. See Campbell v. Larmore, supra. If she received it in full by the act of the others, they would not equal her in participation. Mr. Pearson and Mrs. Springer were each therefore only obligated to the extent of one-fifth. Her claim for the other two-fifths would run against the other two heirs. So that when the court charged the jury that under the circumstances named, the entire fee passed through Mrs. Thomas into appellee, we think it was in error to the extent of a three-fifths interest, but that under those circumstances only two-fifths interest would thus pass. Porter v. Henderson, supra.

Assuming that a two-fifths interest thus passed to appellee, the result as to the other three-fifths interest will depend upon the effect in law, not in equity, of the chain of title of this property out of J. G. Pearson in his life time, or if it did not pass by an instrument of title did it pass out of him by adverse possession? The deed from J. G. Pearson to Mitchell did pass some small portion of it. The description in the deed is definite and unambiguous, and not subject to aid by parol. Busbee v. Thomas, 175 Ala. 423 (5), 57 So. 587; Southern I. & S. Co. v. Stowers, supra. But is insufficient in a court of law, except to convey a small unascertained amount.

There is no deed in evidence out of Pearson to Tilley of the small tract. So that if it passed out of him, it must have been by adverse possession. If it did not pass out of him by adverse possession, it must be treated at law as a part of his estate at death.

The question of such adverse possession may be controlling on another trial if the cause remains on the law docket. A law court can neither reform a deed to land nor enforce an equitable estoppel so as to control the legal title. Milam v. Coley, 144 Ala. 535, 39 So. 511; Harrison v. Alexander, 135 Ala. 307, 33 So. 543.

■ But an estoppel by a warranty deed when effective passes the legal title afterwards acquired,—Parker v. Marks, 82 Ala. 548, 3 So. 5; 58 A.L.R. 351, note,—except when the title was afterwards acquired by adverse possession. Doolittle v. Robertson, 109 Ala. 412, 19 So. 851.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.