[Curran & Co. v. Olmstead & Scheuing et al.]


# Curran & Co. v. Olmstead & Scheuing et al.

*Bill in Equity to set aside a Conveyance on the Ground of*

*Fraud.*

1. *Fraudulent conveyance; payment of a pre-existing debt.*—A transfer in 1891 by a failing debtor of his stock of goods, at its fair market value, in payment of a valid, pre-existing debt, is not fraudulent, if the debt was absolute, and the property conveyed was received at its reasonably fair market value, and no benefit was secured to the debtor beyond a release from the debt.

2. *Bill in equity to set aside a conveyance as fraudulent; alternative averments.*—Where, in a bill filed to set aside a conveyance as fraudulent, the charge of fraud is made disjunctively, each alternative averment of the bill of complaint must state a sufficient cause of action.

3. *Same; sufficiency of averment.*—In a bill filed to set aside as fraudulent a conveyance from a failing debtor to a creditor, a mere averment therein that the conveyance by the debtor to the creditor was for the purpose of hindering, delaying and defrauding his other creditors, and that the preferred creditor participated in such intent, is not sufficient as a statement of the cause of action ; to be sufficient, the facts which constitute the fraud must be averred.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by F. Curran & Co. against Olmstead & Scheuing and the First National Bank of Anniston ; and sought to set aside the sale of a stock of goods from Olmstead & Scheuing to the First National Bank.

The ground upon which the complainants sought to set aside the sale of the stock of goods by Olmstead & Scheuing to the First National Bank was, that there was fraud in said sale, and that it was made for the purpose of hindering, delaying and defrauding the creditors of said Olmstead & Scheuing, and that the consideration expressed in the bill of sale as moving from the Bank to said Olmstead & Scheuing was simulated. It is not deemed necessary to set out in detail the various phases

of the evidence.   The respondents demurred to the bill,
among others, upon the following grounds :   1st.  There
is no equity in said bill; and 4th.  No sufficient facts
are averred to show that the sale is null and void, and
was made to defraud the creditors.

All of the demurrers were overruled ; but upon the
final submission of the cause, upon the pleadings and
proof, the chancellor decreed that the complainants had
failed to sustain the allegations of their bill, and there-
fore ordered the said bill dismissed.   His decree in this
behalf is here assigned as error on the present appeal
therefrom by complainants.

MOUNTJOY & TOMLINSON, for appellants, cited *Hodges
v. Coleman*, 76 Ala. 103 ; *Moog v. Farley*, 79 Ala. 252 ;
*Pollak v. Searcy*, 84 Ala. 259, 4 So. Rep. 137; *Roswald v.
Hobbie*, 85 Ala. 73, 4 So. Rep. 177 ; *Morrison v. Morris*,
85 Ala. 196, 4 So. Rep. 667 ; *Calhoun v. Hannan*, 87 Ala.
277, 6 So. Rep. 291 ; *Mobile Savings Bank v. McDonnell*,
89 Ala. 435, 8 So. Rep. 137, *Lehman, Durr & Co v.
Greenhut*, 88 Ala. 476, 7 So. Rep. 299.

KNOX & BOWIE, *contra*, cited, *Hodges v. Coleman*, 76
Ala. 103 ; *Meyer v. Sulzbacher*, 76 Ala. 120; *McDowell v.
Steele*, 87 Ala. 493, 6 So. Rep. 288.

STONE, C. J.—In November, 1891, Olmstead made a
transfer in writing to the First National Bank of Annis-
ton, purporting to be an absolute sale of the merchan-
dise and stock in trade of the former, in payment of an
admitted past-due indebtedness to the latter.   The busi-
ness had been conducted in the name of Olmstead &
Scheuing, as partners ; but claiming that the latter was
only a salaried clerk or salesman, he released all his in-
terest to Olmstead.   Thereupon he, Olmstead, executed
a bill of sale or conveyance of the entire stock to the
bank.   F. Curran & Co. were antecedent creditors of
Olmstead & Scheuing, and they filed the bill in the pres-
ent case against Olmstead & Scheuing and the bank, for
the purpose of enforcing the collection of their claim
out of the assets so conveyed by Olmstead.   The bill as-
sails the *bona fides* and validity of the said conveyance to
the bank.

The principles of law which must control this case—

made as it was in November, 1891—have been too often declared to need elaboration. They permitted a failing or insolvent debtor to pay one or more of his creditors in full, even though the known effect of such payment would be to leave the debtor without means to pay his other liabilities. The conditions were, that the debt must be absolute, and if paid in property, it must be received at its reasonably fair market value; and no benefit must be secured to the debtor beyond a release from the debt. And when the transaction is assailed by an antecedent creditor, the burden rests on the creditor who has been preferred to prove the existence, amount and justness of his claim; and when paid in property, he must also prove that the property was taken at a price not materially below its fair market value. These are the general rules; but there are exceptional cases, arising out of the relations of the parties, which sometimes impose additional burdens. There are not shown to be any exceptional features in this case.—*Lehman, Durr & Co. v. Kelly*, 68 Ala. 192; *Hodges v. Coleman*, 76 Ala. 103; *Meyer v. Sulzbacher*, *Ib.* 120; *Pritchett v. Pollock*, 82 Ala. 169, 2 So. Rep. 735; *McDowell v. Steele*, 87 Ala. 493, 6 So. Rep. 288; *Chipman v. Stern*, 89 Ala. 207, 7 So. Rep. 409; *Dollins v. Pollock*, *Ib.* 351, 7 So. Rep. 904; *Rochester v. Armour*, 92 Ala. 432, 8 So. Rep. 780; *Beachman v. Koch*, *Ib.* 452, 8 So. Rep. 707; *Robinson v. Moseley*, 93 Ala. 70, 9 So. Rep. 372; *First National Bank v. Smith*, *Ib.* 97, 9 So. Rep. 548; *Pollak v. Searcy*, 84 Ala. 259, 4 So. Rep. 137; *Calhoun v. Hannan*, 87 Ala. 277, 6 So. Rep. 291.

The statute allowing failing debtors to give preferences in the payment of their debts has been materially changed since this sale was made.—Acts of 1892–3, p. 1046.

The proof in the present record is very full that Olmstead & Scheuing, the failing debtors, were indebted to the First National Bank in the sum of seven thousand, seven hundred dollars. The goods were sold and bought at the price of five thousand, one hundred dollars. We have read the testimony with care, and our conclusion is, that it shows the market value of the merchandise did not exceed the price agreed on, and for which amount the bank cancelled the indebtedness of Olmstead & Scheuing. In this estimate we have not computed the

landlord's rent-charge, which had a lien on the goods. Taking that into the estimate, they were taken at a price greatly in excess of their available value. Nor is there any testimony that Olmstead, or Olmstead & Scheuing secured any benefit to themselves in the transaction.

The gravamen of the bill is that the conveyance from Olmstead to the bank was fraudulent. The charge is made in the disjunctive; that is, that the conveyance was either one thing, or another—executed with one intent, or another. When this form of pleading is resorted to, each alternative averment must, for obvious reasons, express a sufficient cause of action.—3 Brick. Dig., 378, §§ 168, 169. The language employed by the pleader in this case is, "that said bill of sale and transfer by said Percy Olmstead to said First National Bank was voluntary, and the consideration of $5,100 is simulated in whole, or in a large measure; or, if your orators are mistaken as to said consideration being simulated, then your orators allege that said bill of sale was made by said Percy Olmstead to said First National Bank for the purpose of hindering, delaying and defrauding his creditors, and the creditors of said Olmstead & Scheuing, and the said First National Bank of Anniston participated with said Percy Olmstead in said intention of hindering, delaying and defrauding said creditors." The second of these alternative averments is manifestly insufficient. To be sufficient, the facts which constitute the fraud must be stated; but it is not necessary to state the evidence which goes to prove those facts.' The first and fourth grounds of demurrer should have been sustained. We base our conclusion, however, on the merits of the case as disclosed in the testimony.

Affirmed.