[Coal City Coal & Coke Co. v. Hazard Powder Co.]

# Coal City Coal & Coke Co. v. Hazard Powder Co.

*Bill in equity by judgment creditor to set aside a Deed of Trust as Fraudulent and void.*

1. *Fraudulent conveyance; averment of fraudulent intent in bill to set aside.*—In bills attacking conveyances on the ground of fraud to the injury of creditors, it is not necessary to aver in terms that the conveyance was made to hinder and delay and defraud creditors: we must look alone to the substantive and traversible and provable allegations of other facts and circumstances.

2. *Same; allegations of insolvency.*—In bills attacking conveyances as fraudulent against creditors, an averment that the grantor is insolvent, and was insolvent at the time of the execution of the conveyance, is a sufficient allegation of insolvency.

3. *Same; facts showing fraudulent intent of grantor.*—Where an insolvent corporation, being sued by one of its creditors for a relatively considerable sum knowing that the suit would be pressed to judgment, and only a few days before the judgment is rendered, conveys all of its property and franchises in trust to secure a bonded indebtedness maturing ten years after the date of the deed, and reserving to itself the possession and use of its property throughout that period, the deed being executed, and the bonds to be issued for the purpose of borrowing money to pay its then indebtedness, and to extend, develop and improve its property, the inference is authorized that the transaction was actuated by a purpose and intent on the part of the company to hinder delay and defraud its creditors.

4. *Same; notice to grantee of covinous intent of grantor.*—A corporation having power to borrow money, may hypothecate its bonds as collateral security for a loan, where the purposes of the deed of trust securing the bonds was to borrow money on the bonds secured thereby, and the rights of a lender taking such bonds as collateral security for a present loan will be protected, except upon averment and proof that he had notice of the covinous intent with which the deed was executed and the bonds issued.

APPEAL from Birmingham City Court.

Heard before Hon. WM. W. WILKINSON.

The facts of this case are sufficiently stated in the opinion.

H. C. SELHEIMER, for appellants.

[Coal City Coal & Coke Co. v. Hazard Powder Co.]

1.   The bill does not aver facts sufficient to authorize the court to infer fraud, and grant relief, and the decree should be reversed regardless of the objections made below.—*Flewellen v. Crane*, 58 Ala. 629.

2.   The averments of the bill as to fraud, are mere legal conclusions, and should be disregarded.—*Loucheim v. First Nat. Bank*, 98 Ala. 524; *Reynolds v. Excelsior Coal Co.* 100 Ala. 301.

3.   The provision for retention of the property by the appellant, does not invalidate the deed of trust.—*Howell v. Carden*, 99 Ala. 111; *Cooper v. Berney Nat. Bank*, 99 Ala. 123.

4.   If there was a fraudulent intent on the part of the company, and the bondholders were *bona fide* holders, and did not participate in such intent, their rights will be protected.—*Howell v. Carden*, 99 Ala. 112; *Shealy v. Edwards*, 75 Ala. 411; *Globe Iron & R. Co. v. Thatcher*, 87 Ala. 467; *Cooper v. Berney Nat. Bank*; 99 Ala. 123.

5.   The corporation had power to hypothecate the bonds,—*In re Tallassee Mfg. Co.* 64 Ala. 591; *Nelson v. Hubbard*, 96 Ala. 251.

MOUNTJOY & TOMLINSON, and LANE & WHITE, *contra.*
1.—The allegations of the bill sufficiently show that the deed of trust was executed with intent to hinder delay and defraud creditors.—*Smith v. Collins & Griffith;* 94 Ala. 394.

2.   The provision in the deed of trust that appellants should retain possession of the property, was such a reservation of a benefit by the debtor as to render the deed fraudulent as against creditors.—*McDowell v. State*, 87 Ala. 493; *Wiley, Banks & Co. v. Knight;* 27 Ala. 336.

3.   Such infirmity in the deed of trust is fastened upon the holders of the bonds issued thereunder.—*Miller v. Boykin;* 70 Ala. 469; *Vann v. Marberry*, 100 Ala. 438; *Thames v. Rembert*, 63 Ala. 561.

McCLELLAN, J.—This bill is filed by The Hazard Powder Co., against the Coal City Coal & Coke Co. and the trustee in deed of trust executed by said company to secure bonds to be issued by it, and certain holders of some of said bonds. The complainant is a judgment creditor of the said Coal & Coke Co. having perfected its lien on the property of said company by registering

the judgment in the office of the judge of probate as provided by statute; the judgment was recorded and registered subsequent to the execution of said deed of trust. The purpose and prayer of the bill is to enjoin the disposition of the bonds proposed to be issued under said deed of trust, to require said company and the trustee and the other defendants to deliver up for cancellation any of said bonds in their hands respectively, to declare said deed of trust fraudulent and void as to complainant, to require the trustee to deliver the same to the register for cancellation and, upon his failure to do so, to require the register of the court to cancel the the same on the records of Walker county, &c., &c. The deed of trust conveying all the property of the Coal & Coke Co. to E. W. Rucker in trust to secure said bonds to the amount of $50,000, payable at ten years and seting forth the form of said bonds and the interest coupons to be thereto attached, is made an exhibit to the bill.

Two sets of demurrers were assigned against the bill. The Coal & Coke Company and Rucker, the trustee, jointly demurred for that the bill failed to aver any facts which constitute fraud in the execution of the deed of trust. The Alabama National Bank, the Birmingham National Bank and E. E. Bryant, who are brought in as holders respectively of some of said bonds, jointly demur on the ground that there is no averment of bad faith on their part in the acquisition of said bonds, nor of any knowledge or notice on their part of the alleged bad faith of the Coal & Coke Co. in executing the deed of trust and issuing said bonds, nor of their participation in any fraudulent intent on the part of said company. There are other grounds of demurrer assigned by the Coal & Coke Co. and Rucker, but they are too obviously without merit to require discussion. Both demurrers were overruled by the city court and from that decree all the respondents appeal.

The bill shows, as we have seen, that complainant had recovered a judgment against the Coal & Coke Co. which, having been registered, constituted a lien upon the property of the company. It further shows that this judgment was for the sum of $2,571.49, and was recovered on February 18, 1892, the debt having been contracted during the summer of 1891. It further shows that the deed of trust was executed on February 1st, and

filed for record on February 4th, 1892; and that the suit in which said judgment was rendered was pending and being pressed when said deed was made. The averments as to the execution of the deed are as follows : "That after said suit was begun, and shortly before judgment was obtained, the said defendant, the Coal City Coal and Coke Co. knowing that said suit would be pressed to judgment, made and executed to E. W. Rucker, trustee, a deed of trust upon all the property of said defendant * * * * that said company is insolvent and was insolvent at the time said deed of trust was executed, and said deed of trust has ten years to run from its date, and in the meantime said Coal City Coal & Coke Co. is permitted to remain in possession of said property," that said deed is on record in the County of Walker where grantors property is situated, "and is an impediment to the sale at its value of the lands tenements, goods and chattels of said company, and so long as said deed of trust is outstanding, it will prevent complainant from making its money on said judgment." * * * * " "That although said deed of trust purports to secure bonds to the amount not to exceed fifty thousand dollars, none of said bonds have ever been sold, and no rights have been acquired under said deed by *bona fide* purchasers paramount to the rights of complainant under said judgment, but that said deed was executed and the same is now being held outstanding to hinder and delay this complainant from enforcing and collecting its said judgment, the Coal City Coal and Coke Company having control and possession of the property named in said deed, and the said Rucker exercising no control over the property whatever; that complainant is informed and believes, and upon such information charges, that no legal disposition has ever been made of said bonds by said company, that said company or said Rucker, one or both, have delivered some of said bonds to the Alabama National Bank, to the Birmingham National Bank and to E. E. Bryant, respectively, as collateral security for debts which said banks and said Bryant, respectively, claim that said Coal City Coal & Coke Co. owes them respectively ; but complainant does not know and cannot state how many of said bonds are so held as collateral security. Complainant alleges that all of the bonds so held as collateral security are illegally held, and that the

[Coal City Coal & Coke Co. v. Hazard Powder Co.]

placing of said bonds as collateral security as aforesaid was in violation of the trust created by said deed of trust, and was not authorized in any lawful manner, and the same are held in violation of the rights of this complainant" and should be cancelled by the decree of the court. It appears from the deed of trust as exhibited to the bill that the purpose thereof and of the bonds to be issued thereunder was to provide "means to pay the present indebtedness of the corporation and to extend and develop its mines and otherwise improve its property," by borrowing money.

It is customary and proper in bills which attack conveyances on the ground of fraud to the injury of creditors, to aver in terms that the conveyance was made to hinder and delay and defraud creditors. In many such cases such an intent is an essential predicate to relief; but the existence of this intent cannot under our law be proved or disproved by the oath of the party to whom it is imputed : it is not a fact about which he can directly depose. In the nature of things, none other than such party can affirm directly that it did or did not exist at the time under inquiry. So that in all cases its existence *vel non* is a matter of inference to be drawn from the facts and circumstances surrounding and characterizing the transaction. And as the conclusion upon it is to be reached by the court, these facts and circumstances must be both alleged and proved as the only basis for the judgment or decree of the court granting the relief prayed. Thus it is that while the averment in a bill like the present one of the existence of this covinous intent is usual and proper, such averment is not necessary where the facts authorize its existence to be inferred and the facts are alleged, nor will it avail the pleader at all if sufficient facts are not alleged to authorize and justify the court in concluding that it does exist apart from the bald statement of its existence in the bill. It follows that in determining whether the present bill shows that the Coal & Coke Company executed this trust deed to hinder and delay and defraud its creditors generally, or the complainant especially, its positive averment of such intent is practically of no consequence ; we must look alone to the substantive and traversable and provable allegations of other facts and circumstances. *Loucheim & Co. v. First National Bank of Talladega*, 98 Ala. 521.

[Coal City Coal & Coke Co. v. Hazard Powder Co.]

The fact of insolvency may, we think, be averred as it is in this bill. That is a well understood and recognized pecuniary condition of the party in reference. It may be a sort of conclusion from other facts, but if so it is also that kind of collective fact which may be averred and deposed to, and its statement involves and presents all the minor facts which make up the condition ; and the condition itself—the result of the facts which enter into it— is the fact in issue. In this connection we deem it proper to say that the case of *Corey v. Wadsworth*, 99 Ala. 78, relied on by counsel as supplying a definition of corporate insolvency never had any application to a case like the present one ; see further with reference to Corey v. Wadsworth the case of *O'Bear Jewelry Co. v. Volfer*, (Mss.)

Taking it, therefore, that the bill sufficiently avers the insolvency of the grantor corporation, and leaving out of view several averments of mere conclusions of law, we have, so far as the demurrer of the company and the trustee is concerned, this case : An insolvent corporation, i. e. one without assets sufficient to pay its debts, being sued by one of its creditors for a relatively considerable sum, knowing that the suit would be pressed to judgment, just before the term of the court in which the suit is pending, at which judgment would probably be entered, and only a few days before the judgment is in fact rendered, conveys all its property and franchises in trust to secure a bonded indebtedness maturing ten years after date of the deed, and reserving to itself the possession and use of its property throughout that period, the deed being executed and the bonds to be issued for the purpose of borrowing money to pay its then indebtedness and to extend and develop and improve its property. We think these facts taken together and coupled with circumstances under which the deed was made, the pendency of the complainant's suit, the company's knowledge that it would be pressed to judgment for a relatively considerable sum, the fact that the deed was executed just before the term of the court at which the judgment would probably be entered and only a few days before the actual rendition thereof, would authorize and justify an inference that this transaction was actuated by a purpose and intent on the part of the company to

hinder, delay, or defraud its creditors. If the corporation was insolvent, the covering up of all its property by this kind of mortgage for ten years, from the reach of creditors so that it would be secure in its possession and use, and free to expend thereon unmolested any part or all of the money so borrowed, would necessarily and manifestly hinder and delay its creditors in the assertion and effectuation of their just demands against their debtor and its property, and ultimately entirely defeat and defraud them. And that this result should ensue is such a natural and probable consequence of the facts and circumstances averred as that the grantor in the deed of trust must have contemplated and therefore intended that it should ensue when the deed was executed. We conclude therefore that the bill charges fraud against the Coal & Coke Company in the execution of this deed of trust, and that the decree of the city court is free from error as respects the demurrer of this company and Rucker. The bill, however, does not make a case for the relief prayed, or any relief indeed against the Alabama National Bank, the Birmingham National Bank and Bryant. This corporation had the power to borrow money. Its purpose as shown by the deed of trust was to borrow money on the bonds secured thereby. We do not doubt but that the hypothecation of these bonds as collateral security for money loaned would have been within corporate competency and within the purposes expressed in the deed of trust. For aught that appears in the bill to the contrary the bonds held by the defendants last named may well have been delivered to them as collateral security for money contemporaneously advanced and loaned to the corporation. The averment of the bill in this connection is, not that these parties received the bonds as collateral security of pre-existing debts, but that the bonds were delivered to them. "as collateral security for debts which they claim that said Coal City Coal & Coke Co. *owe* them respectively." This averment would be as well filled, to say the least, by proof of contemporaneous loans of money and transfer of bonds to secure its payment, as by proof of security for antecedent debts; and upon the rule which requires us to construe the allegations of the bill most strongly against the complainant, we must hold that the bonds were delivered to secure such contemporaneous loans.

[Bates v. Chapman.]

From this it is to be concluded that the bill shows that these defendants were purchasers for value of the bonds and their rights to them and under the deed of trust cannot be affected except upon averment and proof that they had notice of the covinous intent with which the deed was executed and the bonds were issued. There is no such averment in this bill The deed of trust is not void on its face, but only because of extrinsic facts; and hence the instrument under which they hold gave them no notice of its invaldity. Their demurrer for the absence of such averments should have been sustained. But the assignment of error made here is joint, and the decree will have to be affirmed as a whole.

Affirmed.