# Warren & Co. v. Hunt, *et al.*

*Bill in Equity to set aside a Judgment by Confession for Fraud, and for Injunction and Appointment of a Receiver.*

1. *Bill to set aside a judgment by confession; sufficiency of averment to impart equity.*—In a bill by a creditor to have set aside as fraudulent a judgment confessed by his debtor to another creditor, the averment that the judgment was confessed with the intent to hinder, delay or defraud complainant and other creditors is a mere conclusion of the pleader, and is insufficient to impart equity to the bill, without a statement of substantial facts from which the alleged covinous intent can be inferred.

2. *Judgment by confession; not fraudulent when obtained on bona fide debt.*—The fact that a creditor holding a *bona fide* bebt, without knowledge of his debtor's insolvency, obtained a confession of judgment for the amount of said bebt, does not of itself raise a presumption of a fraudulent collusion for the hinderance or delay of other creditors, and is not evidence of an intent on the part of the plaintiff in such judgment to hinder, delay or defraud other creditors; and a bill seeking to set aside as fraudulent such confession of judgment, which does not challenge the *bona fides* of the debt, and fails to show that the judgment creditor had notice of the debtor's insolvency, is without equity.

3. *Same; circumstances attending the confession; when not showing fraud.* The fact that a judgment in a civil case was confessed during the criminal week of the court, that the case had not been previously docketed, and as soon as docketed on the civil docket the defendant appeared, waived time and service and confessed the said judgment, without having the docket sounded or the case called in open court, while evidence perhaps of the debtor's willingness to prefer that particular creditor and constituting some *indicia* of fraud, are not sufficient evidence of a covinous intent to stamp the confession and rendition of judgment thereon fraudulent.

[Warren & Co. v. Hunt *et al.*]

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. JERE N. WILLIAMS.

The facts in the case are sufficiently stated in the opinion.

G. L. COMER and ALSTON & PEACH, for appellants, cited Code of 1886, §§ 1735, 3544; *Cartwright v. Bamburger*, 90 Ala. 405; *Comer v. Heidlebach*, 109 Ala. 220.

A. A. EVANS, *contra.*—The chancellor did not err in overruling the motion of the complainant. The bill is defective and without equity. 1st. There are no allegations in the bill which tend to show, or, if proved, would warrant the court in concluding, that any property had been fraudulently transferred, or attempted to be fraudulently transferred. 2d. That with the exception of the statement of mere conclusions there is not shown any fraudulent intent of which the creditors can complain. The right of the debtor to confess judgment in favor of a creditor for an amount justly due him, can not be denied, where the purpose of the judgment is for the collection of a *bona fide* debt. 3d. There is no allegation in said bill that Cordeman knew of Hunt's insolvent condition, nor of any fact that would, in law, have put him on notice of such insolvency; nor can any such inference be drawn from the allegations of the bill itself. 4th. The bill fails to deny, in any way, the *bona fides* of the debt upon which said judgment is based. 5th. The fact that the judgment was confessed at the criminal week of the court can not have any effect to give the bill equity. Counsel cited sections 1735 and 3544 of the Code of 1886, and as sustaining the above propositions, also cited the cases of *Meyer v. Sulzbacher*, 76 Ala. 128; *Bell v. Goetter, Weil & Co.*, 106 Ala. 473.

McCLELLAN, J.—This bill is filed by Warren & Co. and others, as simple contract creditors of L. A. Hunt, against said Hunt and F. M. Cordeman. The bill alleges the following facts: Complainants' debts were in existance and, in large part, were due and payable on or before November 16, 1896. Hunt was, at that time, and for long prior thereto had been, insolvent. On the date named, which was Monday of the second criminal

week of the circuit court of Barbour county, where both Hunt and Cordeman resided, the latter procured a judgment by confession against said Hunt in said court for the sum of $5,185.65, the entry reciting: "This day came the plaintiff by attorney, and the defendant also came in his own proper person, waives time and accepts service of said summons and complaint in this cause, and confesses judgment in favor of the plaintiff in the sum;" &c. &c. Neither the clerk nor any other officer of the court ever knew or heard anything about Cordeman's suit until the complaint was on that day presented to the clerk to be docketed on the civil docket. As soon as the cause was docketed, Cordeman's attorney presented the docket to the presiding judge for the entry therein of a judgment by confession, and such judgment was then entered, without sounding the docket or having the case called in open court, upon the statement of Cordeman's attorney, "said Hunt being near at hand for that purpose." Execution issued, November 23, 1896, upon said judgment and was then placed in the hands of the sheriff; and on the following day said Cordeman caused the sheriff to levy the same on all the goods, wares, merchandise, furniture and fixtures of the said Hunt in the store occupied by him in the town of Clio, also upon a certain horse and buggy and a piano, and upon all the real estate of said Hunt except his homestead. At the time of bill filed, December 3, 1896, the sheriff had advertised all the personalty for sale on December 8, 1896, and the realty on January 4, 1897. In addition to the foregoing, the bill contains the following averments: "That said judgment was suffered by said Hunt to be rendered against him for the purpose and with the intent of hindering, delaying or defrauding complainants and other creditors of said Hunt, and that the intent of the parties to said judgment at the time the same was rendered was to give a preference and prior lien upon all the property of said Hunt as against complainants and all the other creditors of said Hunt, and that this intent was to be effected through the means of said judgment and execution issued thereon in favor of said Cordeman, and by which said Cordeman was to secure a fraudulent transfer of said Hunt's property to him as plaintiff in said judgment and execution." Among other prayer "not deemed necessary to be set

[Warren & Co. v. Hunt *et al.*]

out" in the abstract, the bill prayed for an injunction of the impending sales, and for a receiver to take possession of the property levied on. The chancellor, having before him at the hearing of motions for injunction and receiver, the bill, which was properly sworn to by the complainants, and an affidavit of the respondent Cordeman, overruled and denied said motions; and, from his decree in that behalf, this appeal is prosecuted.

The affidavit of Cordeman, above referred to, if proper to be considered at all in such a case as this on motions for injunction and receiver, which probably it is not, is insufficient to overturn any of the averments of the verified bill, which it undertakes to controvert; and we shall leave it out of view.

The fate of the present appeal turns, therefore, upon the inquiry whether the bill contains equity; whether its averments, if proved, would authorize a decree setting aside as fraudulent the judgment which Hunt confessed to Cordeman, and subjecting the property now under levy of execution to the payment of complainants' debts. And to that inquiry we will address ourselves. At the outset, it is to be observed that the averment of the bill to the effect that the judgment was confessed and taken with the intent and for the purpose on the part of both Hunt and Cordeman to hinder, or delay, or defraud complainants and other creditors of Hunt, in and of itself amounts to nothing in the way of imparting equity to a bill which is wanting in the statement of substantial facts themselves affording an inference of the existence of the alleged covinous intent.—*Coal City Coal & Coke Co. v. Hazard Powder Co.*, 108 Ala. 218, 222.

What are the substantive facts laid in the bill? It is, in the first place, averred that Hunt was and had long been insolvent. But it is not averred that Cordeman had knowledge or notice of such insolvency. Then there is the averment that Hunt confessed the judgment to Cordeman. If Cordeman's debt was real and not simulated, the fact of confession of judgment for the amount of it standing alone raises no presumption of fraudulent collusion for the unlawful hindrance or delay of other creditors. The *bona fides* of Cordeman's debt to the amount of the judgment is not at all challenged. He, therefore, had a perfect right to bring Hunt before the court by summons and have him there adjudged to pay

it.   Summons and time for pleading are for the benefit of the defendant, and he may waive them without violence to any obligation to or right of other creditors. That he does so is, of course, evidence of his willingness for the particular creditor to secure a preference against his property in the payment of his claim.   But it is not evidence in itself that the creditor in taking the confession had in mind any other purpose than to collect his own debt, and surely is not evidence of an intent on the part of the plaintiff in such judgment to hinder, delay or defraud other creditors, when he had neither knowledge nor notice of the debtor's insolvency.   Nor, in our opinion, were the circumstances attending the docketing of the cause, and the confession and entry of judgment sufficient evidence of convinous intent to stamp the confession and rendition of judgment thereon as fraudulent.   All that is essential to a judgment by confession is that the case shall be upon the docket and the defendant shall appear in court, waive service and time for pleading and consent to the rendition of judgment. There is no necessity to advise the clerk or other officer of the court of the proceeding until the cause is sought to be docketed.   Being upon the docket and plaintiff and defendant being present before the judge, there is no occasion for heralding the fact that there is such a case on the docket, or that a judgment is about to be entered in it by sounding the docket or calling the case.   All that is intended to be accomplished by calling a case ordinarily is to invite the attention of the parties to it with a view to judicial action upon it; and all this is a fact accomplished without sounding the cause when the parties are immediately before the court intent upon and asking and consenting to the rendition of judgment. Moreover, no degree of publicity at the moment of action could subserve any possible end, where the parties themselves are present and alive to what is transpiring, since nobody else could be heard to raise any objection or make any suggestion in the premises.   And, so it is obviously immaterial whether such judgment is sought and rendered during one week or another of the court, during the "civil week" or the "criminal week."   And if all these attending circumstances were conceded to bear an aspect of surreption in the particular case and consequently to constitute some *indicia* of covinous in-

tent, yet, associated alone with the fact of judgment confessed, and there being, as in this case, no other fact averred tending to show fraud, they would not, if fully proved, justify the court in reaching the conclusion that the parties to the judgment were actuated by the intent to hinder, delay or defraud the other creditors of the defendant in judgment.

The cases of *Cartwright v. Bamberger, Bloom & Co.*, 90 Ala. 405, and *Comer v. Heidelbach*, 109 Ala. 220, are readily distinguishable from the case at, bar. In each of them the bill averred facts from which the intent to hinder, delay and defraud creditors was a natural and necessary conclusion, apart from the further averments in terms that such intent existed and tainted the attachment proceedings.

The present bill, we therefore conclude, is without equity; and the chancellor properly overruled complainants' motions for injunction and receiver.

Affirmed.