# Lamar & Rankin Drug Co., v. Jones, et al.

*Bill to Set Aside Conveyances as Fraud on Creditors.*

(Decided June 4, 1908. 46 South. 763.)

1. *Fraudulent Conveyances; Pleading; Allegation of Fraud.*—A bill by simple contract creditors to set aside chattel mortgages which alleges the existence of complainant's debts at the time of the execution of the mortgages, the insolvency of the mortgagor, the value of the mortgaged property that the sums recited as a consideration therefor were fictitious and never paid, and that the mortgages were made with the intent to hinder, delay and defraud creditors, sufficiently alleges fraud in the execution of the mortgages.

2. *Same; Setting Aside.*—An allegation that the sale was made for some amount or upon some condition or consideration which is unknown to complainant and which complainants have been unable to discover, but that he believes that the sale or delivery of the goods was done to hinder, delay and defraud the sellers creditors, and not made in good faith, and for a fair and adequate consideration, is not a sufficient allegation of fraud in the sale.

3. *Pleading; Facts or Conclusion.*—The recitals that the sums recited in the mortgage are fictitious and were never paid, is the averment of a fact and not a legal conclusion.

4. *Equity; Bill; Multifariousness.*—A bill by contract creditors to set aside chattel mortgages as having been executed in fraud of the creditors, and also to set aside a sale and transfer of the same property, as having been made with like intent, is not multifariousness.

5. *Same; Verification.*—A bill by a simple contract creditor to have a mortgage and sale set aside as a fraud on creditors need not be verified.

6. *Same; Demurrers.*—Where some of the grounds of demurrer are well assigned to the bill, the demurrer is properly sustained.

APPEAL from Houston Chancery Court.

Heard before Hon. W. L. PARK.

Bill by the Lamar-Rankin Drug Company against H. C. Jones, and others to set aside certain mortgages. From a decree dismissing the bill, defendants appeal. Affirmed in part, and in part reversed and rendered, and remanded.

C. E. HARMAN, for appellant. The bill is filed under section 2156, Code 1896. The chancellor erred in sustaining the 9th and 10th ground of demurrer.—*Henderson v. Farley Nat. Bank,* 123 Ala. 547; *Curran v. Armstead,* 101 Ala. 692; *Ruse v. Bromberg,* 88 Ala. 628; *Sims v. Gaines,* 64 Ala. 392; *Hill v. Rutledge,* 83 Ala. 162. The bill is not multifarious because several independent fraudulent grantees are joined therein.—*Hill v. Moore,* 104 Ala. 353; *Hines v. Hines,* 80 Ala. 225; *Collins v. Stix,* 96 Ala. 338; *Handley v. Haflin,* 84 Ala. 600. Some of the demurrers were general and should have been overruled.—*Mountain, et al. v. Whitman,* 103 Ala. 633. The bill contains equity.—Sec. 818, Code 1896; *Smith v. Collins,* 94 Ala. 394; *Montgomery v. Bayliss,* 96 Ala. 342.

GAINES & COOPER, for appellee. No brief came to the Reporter.

DENSON, J.—This bill is filed by Lamar & Rankin Drug Company, a corporation, a simple contract creditor, against H. C. Jones, M. S. Stough, and R. L. Stough, to set aside two mortgages, executed by H. C. Jones to M. S. Stough, on the fixtures in a drug store and a stock of drugs in the same store, as having been executed with

the intent to hinder, delay, or defraud the creditors of the mortgagor, and to set aside a sale and transfer of the same property by Jones to R. L. Stough as having been made with a like intent. Separate motions were made by the respondents to dismiss the bill for the want of equity, and all the respondents joined in a demurrer to the bill. On the 21st day of May, 1907, the chancellor rendered two separate and distinct decrees; one sustaining the motion of M. S. Stough to dismiss the bill for want of equity, and the other sustaining the demurrers to the bill. The complainant appeals.

Some of the grounds of the demurrer present the point that the allegations of the bill are insufficient to show fraud in the execution of the mortgages by Jones to M. S. Stough. While the averments are not as full and explicit in this respect as they might be, yet the bill alleges that at the time the mortgages were given the debt of the complainant was in existence, that the mortgagor was insolvent, that the property mortgaged was of the value of $2,500, that the mortgages were made with intent to hinder, delay, and defraud the creditors of the mortgagor, "and that the sums recited in said mortgages were fictitious and never paid." Copies of the mortgages are attached as exhibits to the bill, and, looking to these, we find that the only sums recited in them are the amounts which the mortgages purport to secure. So the averment of fictitiousness, of necessity, refers to the consideration recited in the mortgages. In *Klein v. Miller*, 97 Ala. 506, 11 South. 830, it is expressly held that the averment that the debt of the vendee of a stock of goods was "simulated" is sufficient impeachment of the bona fides of the debt; "and the fact that the purchasers received goods of the value of about $15,000 —for thus the averment in that regard is to be construed—in satisfaction of even a valid debt to the full

amount of $10,700, would of itself vitiate the transaction at the suit of creditors of their vendor."—*Steiner & Lobman v. Parker & Co.,* 108 Ala. 357, 19 South. 386. Much more so would the taking of a mortgage without any consideration (a fictitious one) vitiate such an instrument; for without a debt to be secured the mortgage would have no foundation, and the giving of it would constitute a fraud on the creditors of the mortgagor.— *Howell v. Carden,* 99 Ala. 100, 10 South. 640; *Cooper v. Berney National Bank,* 99 Ala. 119, 11 South. 760. The averment that the sums recited in the mortgages are fictitious and were never paid is the averment of a fact, and not a legal conclusion (*Cartwright v. Bamberger,* 90 Ala. 405, 410, 8 South. 264); and according to the principles enunciated in the *Klein-Miller Case, supra,* from the averment of it, in connection with the remainder of the averment quoted above from the bill, the law draws the conclusion of fraud in the transaction.

For the reasons above given we hold that the grounds of the demurrer in respect to the insufficiency of the bill to show fraud in the execution of the mortgages are not well assigned; and for the same reasons it must follow that the motion to dismiss the bill for the want of equity was not well made. The averments of the bill in respect to the sale of the property made by H. C. Jones to R. L. Stough are patently insufficient. The averments are that the sale was made "for some amount or upon some condition or consideration which is unknown to orator, and which orator has been unable to find out or learn; and orator further avers that he believes that the said sale or delivery of said stock of drugs, wares, merchandise, and fixtures by the said H. C. Jones to the said R. L. Stough was done for the purpose of hindering, delaying, and defrauding his creditors, and was not made in good faith and for a fair and adequate

consideration." If these averments are not subject to the vice of generality, yet it will still be observed that it is only the belief of the complainant in respect to the subject-matter embraced therein that is averred, and not the existence of facts. The demurrer is sufficiently specific to present the point of insufficiency of the bill to show fraud in the transaction between Jones and R. L. Stough, and it was properly sustained on this ground. —*Curran v. Olmstead,* 101 Ala. 692, 14 South. 398; *Loucheim v. First National Bank, etc.,* 98 Ala. 521, 13 South. 374.

The grounds of the demurrer which present the points of multifariousness and failure to have the bill sworn to are not well assigned.—*Henderson v. Farley National Bank,* 123 Ala. 547, 26 South. 226, 82 Am. St. Rep. 140; *Hinds v. Hinds,* 80 Ala. 225; *Hill v. Moone,* 104 Ala. 353, 16 South. 67.

Some of the grounds of the demurrer were well assigned. Therefore the court did not err in sustaining the demurrer to the bill. "It cannot avail appellant to reverse the case for the reason that the court may have erred in sustaining some of the grounds which were not well assigned. The decree sustaining a demurrer to a bill will be affirmed if any of the grounds assigned are well taken."—*Steiner v. Parker,* 108 Ala. 357, 19 South. 386; *McDonald v. Pearson,* 114 Ala. 630, 21 South. 534.

The decree of the chancellor sustaining the demurrer is affirmed; but the decree sustaining the motion to dismiss the bill for the want of equity is reversed, and one will be here rendered overruling that motion.

Affirmed in part, and in part reversed and rendered, and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.