(105 So. 182)

## REYNOLDS et al. v. LEAK. (8 Div. 700.)

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 25, 1925.)

**1. Fraudulent conveyances ⬤⟹206(2) — One, whose cause of action arose before execution of conveyance, is antecedent creditor.**

Creditor, whose cause of action arose before execution of conveyance, sought to be set aside as made to hinder, delay, or defraud creditor, is antecedent creditor.

**2. Fraudulent conveyances ⬤⟹271(3)—Proof, that land conveyed was substantially all of grantor's property, makes out prima facie case.**

Proof, that land conveyed was substantially all of grantor's property, makes out prima facie case for complainant in suit to set aside conveyance as made to defraud creditor, and it is then incumbent on grantee to show that conveyance was for adequate consideration, fair, and made in good faith.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by Luther Leak against A. T. Reynolds and others to set aside a conveyance alleged to have been made to hinder, delay, or defraud a creditor. Decree for complainant, and respondents appeal. Affirmed.

Rayburn, Wright & Rayburn, of Guntersville, for appellants.

The burden to establish fraud is upon the complainant; it will not be presumed. Allen v. Overton, 208 Ala. 504, 94 So. 477; Harrell v. Mitchell, 61 Ala. 270. A conveyance for a valuable consideration, even of substantially all the grantor's property and with fraudulent intent, cannot be set aside by a creditor without showing that the purchaser knew of and participated in the fraudulent intent. Pippin v. Tapia, 148 Ala. 353, 42 So. 545.

J. A. Lusk, of Guntersville, for appellee.

The burden is on defendant to show bona fides and an adequate consideration, when complainant's cause of action antedated the deed. Davis v. Harris, 211 Ala. 679, 101 So. 458; Galloway v. Shaddix, 197 Ala. 273, 72 So. 617; Calvert v. Calvert, 180 Ala. 105, 60 So. 261; Watters-Tonge L. Co. v. Knox, 206 Ala. 183, 89 So. 497; Smith v. McAdams, 207 Ala. 118, 92 So. 411; Robinson v. Moseley, 93 Ala. 70, 9 So. 372.

ANDERSON, C. J. [1, 2] The complainant's cause of action arose before the execution of the conveyance sought to be set aside, and he was an antecedent creditor. Galloway v. Shaddix, 197 Ala. 273, 72 So. 617. The proof also shows that the land conveyed was substantially all of the grantor's property. This made out a prima facie case for the complainant, and it was then incumbent upon the respondent grantee to show that the conveyance was not fraudulent but, for an adequate consideration, was fair and made in good faith. Brunson v. Rosenheim, 149 Ala. 112, 43 So. 31; Davis v. Harris, 211 Ala. 679, 101 So. 458; London v. Anderson, 197 Ala. 16, 72 So. 359. As to whether or not this was done was the question considered and decided by the trial court who could

have inferred that the transaction being between father and son, and the grantee, being a claimed purchaser for a present consideration and not an antecedent debt, had notice of the purpose of the grantor to get rid of his property so as to delay or defeat the complainant's claim. The evidence was ore tenus, and the trial court saw and heard the witnesses, thus possessing an advantage over this court in weighing and considering the evidence, and we cannot say that the conclusion was so contrary to the great weight of the evidence as to warrant this court in disturbing same.    Cox  v.  Stollenwerck (Ala. Sup.) 104 So. 756;[1] Ray v. Watkins, 203 Ala. 683, 85 So. 25, and many cases there cited.

The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

