## LESTER v. BARCLAY. (8 Div. 749.)

(Supreme Court of Alabama. Oct. 15, 1925.)

**1. Bankruptcy ⬅302(1)—Bill not demurrable on ground it did not show creditors existing when deed made were same existing at time of bankruptcy and in whose favor bill filed.**

Bill to set aside conveyance by husband *held,* sufficiently to aver existence of creditors at time of deed in question, that creditors' debts existed when husband filed bankruptcy schedule, and that indebtedness was unpaid and proved when bill filed, and demurrer to bill, on ground it did not show creditors at time of deed were same as those at time of bankruptcy, and in whose favor bill was filed, properly overruled.

**2. Bankruptcy ⬅303(1)—Where bill averred and proof showed existence of creditors at time of conveyance, burden on defendant to prove sale not fraudulent.**

Where creditors represented by complainant were such when conveyance complained of, and which substantially embraced all of grantor's property, burden was on defendant grantee to show transaction was not fraudulent but made fairly and in good faith for adequate consideration.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by D. E. Barclay, as trustee in bankruptcy of W. E. Lester, against Beatrice H. Lester and W. E. Lester. From a decree for complainant, respondent Beatrice H. Lester appeals. Affirmed.

The bill is filed by the complainant, as trustee in bankruptcy of the estate of W. E. Lester, bankrupt, against Beatrice H. and W. E. Lester, and alleges that W. E. Lester was July 19, 1922, duly adjudged a bankrupt upon his voluntary petition filed in the District Court of the United States, and that complainant was appointed trustee; that on and prior to January 28, 1922, Lester and his wife, the respondents jointly owned—an undivided one-half interest each—the realty here involved; that on said last date W. E. Lester executed to his wife, Beatrice H. Lester, a deed purporting to convey to her his undivided one-half interest in and to the lands involved; that at the time of the execution of said deed by Lester to his wife he was largely indebted to others than his wife, a large part of his indebtedness being unsecured; that said indebtedness, held by numerous creditors shown by the schedule filed by Lester, is still unpaid and provable as unsecured demands; and that complainant is charged with protecting their interests. It is averred that the deed from Lester to his wife is invalid against the claims of existing creditors of Lester because (1) the recited consideration is simulated and fictitious, the conveyance was voluntary and without valuable consideration and hence constructively fraudulent as tending to hinder, delay, or defraud creditors; (2) that Lester was at the time of its execution heavily indebted and financially embarrassed, of which fact his wife, the grantee, had knowledge, or such knowledge as to put her on inquiry; and (3) that the sole consideration of said deed was an alleged existing indebtedness from the grantor to the grantee; and that the actual indebtedness, if any, was greatly less than the value of the grantor's interest in the property conveyed, but was fictitiously increased to approximately the value of said property. It is further alleged that Lester, at the time of his bankruptcy, scheduled no assets and claims now to own none.

It is averred, in the alternative, that, if said conveyance and transfer was not infected with fraud, by such transactions he conveyed all or substantially all of his property subject to the payment of debts to Beatrice H. Lester in payment or security for a pre-existing indebtedness, by way of preference, and that same operated as a general assignment for the benefit of all creditors.

It is prayed that the conveyance or conveyances be held void as a fraud upon creditors, or be held a general assignment for all creditors, and for other relief.

R. E. Smith and R. C. Brickell, both of Huntsville, for appellant.

The bill was subject to the sixteenth and seventeenth grounds of demurrer. The decree for complainant was erroneously rendered. Allen v. Overton, 208 Ala. 504, 94 So. 477; McCrory v. Donald, 192 Ala. 314,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

68 So. 306; Allen v. Caldwell, 149 Ala. 293, 42 So. 855; Seals v. Robinson, 75 Ala. 363.

D. P. Wimberly and Proctor & Snodgrass, all of Scottsboro, and S. A. Lynne, of Decatur, for appellee.

The averments of the bill were sufficient as to the creditors of the grantor. Burford v. Steele, 80 Ala. 147; Andrews v. Mather, 134 Ala. 358, 32 So. 738; Cartwright v. West, 185 Ala. 41, 64 So. 293; Dickens v. Dickens, 174 Ala. 305, 56 So. 806; Stevenson v. Bird, 168 Ala. 425, 53 So. 93. The burden was upon the grantee to show that the sale was fair and in good faith. Wood & Son v. Riley, 121 Ala. 100, 25 So. 723; Booker v. Waller, 81 Ala. 561, 8 So. 225.

ANDERSON, C. J. [1] The appellant insists that the bill of complaint was subject to her demurrer, especially grounds 16 and 17 of the amended demurrer, to the effect that it does not show that the bill is filed in behalf of existing creditors; that, while the bill charges existing creditors when the conveyance was made from Lester to his wife, it does not show that they were the same ones when he became a bankrupt and in whose behalf the bill was filed. Section 3 of the bill charges:

"At the time of the execution of said deed, the said W. E. Lester was indebted to others than his wife; * * * said indebtedness, held by numerous creditors shown by schedule filed by said Wm. H. Lester in bankruptcy, is still unpaid and provable as unsecured demands and," etc.

We think the only rational meaning of this averment is the existence of creditors when the deed was made, and that their said debts existed when Lester filed his schedule in bankruptcy, and that said indebtedness was unpaid and provable when the bill was filed. There was no error in overruling the demurrer to the bill.

[2] The bill avers and the proof shows that the creditors represented by the complainant were existing at the time of the conveyance, and which embraced substantially all of the grantors' property, and the burden was upon this appellant to show that the transaction was not fraudulent, that the consideration was adequate, the sale was fair and made in good faith. Reynolds v. Leak (Ala. Sup.) 105 So. 182;[1] Brunson v. Rosenheim, 149 Ala. 112, 43 So. 31; Davis v. Harris, 211 Ala. 679, 101 So. 458; London v. Anderson, 197 Ala. 16, 72 So. 359. A detail discussion of the evidence can serve no good purpose but the same has been carefully weighed and considered, and we are firmly convinced that the trial court properly found that the appellant did not overcome the burden cast upon her, and the

decree of the chancery court is accordingly affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.