(112 So. 752)

MOODY et al. v. MOODY et al.  (8 Div. 917.)

Supreme Court of Alabama.  April 28, 1927.

1. Partition ☞57—Cross-bill in suit for partition by sale was not demurrable because claiming solicitor's fee (Code 1923, §§ 6261, 9319).

Where original bill sought partition by sale among tenants in common, claim for solicitor's fee asserted by cross-bill did not render cross-bill demurrable, in view of Code 1923, §§ 6261, 9319.

2. Bankruptcy ☞302(2)—Cross-bill, alleging bankrupt conveyed and grantee accepted interest in property, sought to be partitioned, for purpose of defrauding creditors, held to show fraud.

Cross-bill of trustee in bankruptcy in partition suit, alleging conveyance of his interest was made by bankrupt and accepted by grantee with intent to hinder, delay, and defraud creditors, held not subject to demurrer for failure to show fraud.

Thomas, J., dissenting.

Appeal from Circuit Court, Lawrence County; James E. Horton, Judge.

Bill in equity by Cordy Trout against Grady Moody, E. M. Moody, as trustee in bankruptcy of J. E. Moody, and J. E. Moody, and cross-bill by E. M. Moody, as such trustee, against J. E. Moody and Grady Moody. From a decree overruling a demurrer to the cross-bill, respondents Grady Moody and J. E. Moody appeal. Affirmed.

The original bill as amended alleges the adjudication of J. E. Moody as a bankrupt and appointment of E. M. Moody as trustee of the estate of said bankrupt; that as such trustee E. M. Moody became invested with the interest of the bankrupt in the lands described. It is further alleged that complainant Trout, Grady Moody, and E. M. Moody, as trustee in bankruptcy of the estate of J. E. Moody, are the joint owners and tenants in common of the lands described, specifying the interest of each, and that, for the reasons stated, the lands cannot be equitably di-

vided among the joint tenants without a sale thereof.

By paragraph 7 it is alleged, in the alternative, that Grady Moody claims to own the interest of J. E. Moody in said land, or that J. E. Moody himself owns a sixth interest therein, and that complainant does not know whether said undivided one-sixth interest belongs to J. E. Moody or E. M. Moody, as trustee in bankruptcy, or to Grady Moody.

It is prayed that it be ascertained and decreed that the land is owned by the parties in the proportions set out in the bill, or, in the alternative, that the court ascertain which of the parties are the owners of the land and the interest of each, that the same cannot be equitably divided and partitioned without a sale, and that a sale be directed, etc.

By the amended cross-bill—divided into paragraphs but only the first of which is numbered—cross-complainant admits the allegations of paragraphs 1 to 6 of the original bill, but, in answer to the seventh paragraph, says that he, "as trustee in bankruptcy of the estate of J. E. Moody, owns a one-sixth interest in said land, thereby denying that Grady Moody is the owner of the one-sixth interest that J. E. Moody owned."

Other allegations of the cross-bill and the prayer sufficiently appear in the opinion.

By its decree the trial court sustained a demurrer to the original bill and overruled the demurrer to the amended cross-bill.

Eyster & Eyster, Almon & Almon, and Tennis Tidwell, all of Albany, for appellants.

A cross-bill, seeking to bring into the litigation new distinct and independent matter from that of the original bill, is demurrable. Tutwiler v. Dunlap, 71 Ala. 126; Burke v. Burke, 208 Ala. 502, 94 So. 513; 10 R. C. L. 485. New facts presented by a cross-bill must be dependent upon the general facts presented by the original bill. Sims, Ch. Pr. 426; Davis v. Cook, 65 Ala. 617. The facts constituting fraud as charged in the cross-bill are not sufficiently set forth. Boutwell v. Spurlin Mer. Co., 203 Ala. 482, 83 So. 481; Empire Realty Co. v. Harton, 176 Ala. 99, 57 So. 763; Skinner v. Southern Gro. Co., 174 Ala. 359, 56 So. 916; Curran v. Olmstead, 101 Ala. 692, 14 So. 398; Pickett v. Pipkin, 64 Ala. 520; Flewellen v. Crane, 58 Ala. 627. Cross-complainant's solicitor is not entitled to fee under Code § 9315, or section 6261.

E. B. Downing, of Moulton, for appellees.

Brief of counsel did not reach the Reporter.

THOMAS, J. The overruling of the demurrer to the cross-bill presents the questions whether the same as amended introduces new, distinct, independent matter, not germane to the original bill; and whether the fraud charged as to the conveyance from J. E. Moody to J. G. Moody is sufficiently stated, and in which it is alleged both grantor and grantee participated.

It is declared of the cross-bill that, 'if it is merely defensive, the dismissal of the original bill dismisses the cross-bill; that, if the pleading sets up new facts relating to the same subject-matter, and prays for affirmative relief in reference to it, and presents a case for equitable cognizance, for equitable relief which upholds the jurisdiction of the court independent of the original bill, the dismissal of the latter does not carry the cross-bill. Ex parte Conradi, 210 Ala. 213, 217, 97 So. 569; Gatewood v. Hughes, 214 Ala. 674, 108 So. 562.

In Lowery v. May, 213 Ala. 66, 104 So. 5, it was declared that the purpose of a cross-bill is defensive, and its purpose and object must be germane to that of the original bill; that if it introduces foreign matter to that embraced in the original bill, and not being within the recognized exceptions (as set off where there is insolvency [Whitfield v. Riddle, 78 Ala. 99]), or if it departs from or is inconsistent with the answer of which it is a part, such a cross-bill cannot be entertained. Hatchett v. Blanton, 72 Ala. 423; Ex parte Conradi, 210 Ala. 213, 97 So. 569. The foregoing authorities indicate the limits and delineate the purpose of a cross-bill.

The legal effect of the two pleadings, as insisted upon by appellants' counsel, is that the original bill by Cordy Trout sought a sale of land for division between tenants in common, the same not being susceptible of equitable division without a sale, and that the cross-bill as amended sought to have "annulled, canceled, and set aside, as in fraud of his creditors, a conveyance from one of the appellants, J. E. Moody, to the other appellant, J. G. Moody." The cross-bill, however, went further than the stated purpose by counsel. Its prayer is:

"That the attempted conveyance of J. E. Moody of his interest in said land to J. G. or Grady Moody be annulled, canceled, and set aside as being made in fraud of his creditors, that the court order said land sold for division of proceeds of said sale, and that the interest of each of the parties to this cause in and to the lands described in the bill as amended be ascertained by the court, and that it be decreed that he, as trustee, is entitled to one-sixth of the proceeds; and he prays for all such other, further, additional, and different relief as the facts in the case may warrant and equity require, and he prays for general relief."

This relief sought against the said conveyance, was a necessary incident in the ascertainment of the nature and extent of the tenancy in common, the respective interests of the joint owners, germane to the specific object and purpose of the original bill, and did introduce no foreign matter or inconsistent issues; that is to say, the new issue raised by the cross-bill related to the subject-matter of

the original bill and was dependent upon the general fact of joint ownership in said lands presented in the original bill. Burke v. Burke, 208 Ala. 502, 94 So. 513.

There is no merit in the grounds of demurrer directed to the mechanical arrangement or manner in which the cross-bill is paragraphed. Pool v. Menefee, 205 Ala. 531, 88 So. 654. That pleading is within the rule and is perfectly intelligible and informing. Ex parte Conradi, 210 Ala. 213, 217, 97 So. 569.

[1] The claim for solicitor's fee, in case of a sale for partition, did not render the cross-bill demurrable. The solicitors' fees that may be allowed on final hearing, for services that inured to the benefit of the trust fund or common estate, and not to that of the individuals (De Ramus v. De Ramus, 205 Ala. 219, 87 So. 354; Butler v. Fuller, 204 Ala. 272, 85 So. 539), are not necessarily limited to the solicitors for the complainants. In a proper case the statute may be extended to other counsel. Sections 6261, 9319, Code of 1923; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Dent v. Foy, 214 Ala. 243, 107 So. 210; Brake v. Graham, 214 Ala. 10, 106 So. 188. The propriety of the amount of the allowance and to whom made, within the rule, can be properly considered when the pleading and proof are in and the court taxes the costs and allowances to be paid out of the common fund or trust funds. Dent v. Foy, supra.

A bill by a trustee or assignee in bankruptcy to set aside a fraudulent conveyance may be maintained in a proper case. Cartwright v. West, 185 Ala. 41, 64 So. 293. E. M. Moody, as trustee in bankruptcy of the estate of J. E. Moody, one of the original joint owners of the land sought to be divided, was a respondent in the original bill, and is the complainant in the cross-bill. It is therein alleged that the conveyance of said "interest in said land involved in this suit" was with the intent to hinder, delay, and defraud his creditors and to so affect said trustee of his estate in bankruptcy and for such reason was void; that is, it is averred that the conveyance was made by the grantor and accepted by the grantee for the purpose and with the intent to hinder, delay, and defraud his creditors and E. M. Moody, the trustee of his estate in bankruptcy, and the same is void as against his creditors and his said trustee in bankruptcy.

The effect of a voluntary conveyance on the rights of existing creditors was considered in Allen v. Overton, 208 Ala. 504, 94 So. 477; London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

In the instant pleading nothing is averred that shows the injury condemned by the statute; no fact averred as to consideration of the conveyance, or that there was a secret trust reserved to the grantor; no fact averred as to grantor's indebtedness, or of the extent of grantor's ability to respond to creditors, or that the property conveyed was shown to be subject to the satisfaction of his debts; that is to say, no facts are alleged upon which to rest the mere conclusion of the pleader that the conveyance was made and accepted with the intent to hinder, delay, or defraud creditors. In Merchants' Bank v. Parrish, 214 Ala. 96, 106 So. 504, it is indicated that the pleading fails to aver simulation of consideration upon which the conveyance rested, and observation is made that a relation and bona fide debtor may take property at its fair price in payment of the debt, provided no benefit is reserved to the grantor and the transaction is not such as falls under the statute as a general assignment, etc. Section 8040, Code of 1923. The foregoing illustrates the necessity for the rule requiring that the facts be pleaded and that the fraud relied upon be not stated by way of a mere conclusion.

The court overruling this ground of demurrer cites section 8038, Code of 1923, and Sutterer v. Morris Fert. Co., 208 Ala. 687, 95 So. 166. The statute cited came to us from the Code of 1852, § 1554. In the meantime we have had many authorities touching the required pleading under that statute.

In Flewellen v. Crane, 58 Ala. 627, the Chief Justice said:

"The conveyance sought to be vacated is exhibited with the bill, and on its face recites that it is made in payment of twenty thousand dollars, due from the grantor to the grantee. The averments of the bill are, that the grantor was insolvent at the time of its execution; and that it conveyed all his property which was subject to levy and sale; and that it is 'fraudulent and void as against pre-existing creditors,' and was 'made with intent to hinder, delay, or defraud said creditors.' It is now insisted that these averments are insufficient to support the decree vacating the deed—that there is no averment impeaching the bona fides or sufficiency of the consideration expressed in it; no averment that the debt was not real, and the conveyance accepted in payment of it; no averment that there was any secret trust for the grantor, and no averment of any fact which authorizes the mere conclusion, stated in the bill, that the conveyance is fraudulent. Fraud is a conclusion of law from facts stated and proved. When it is pleaded, at law, or in equity, the facts out of which it is supposed to arise must be stated; a mere general averment, without such facts, is not sufficient. The court cannot, on such averment, pronounce judgment. Kinder v. Macy, 7 Cal. 206; Catchings v. Manlove, 39 Miss. 667; Clay v. Dennis, 3 Ala. 375; Bryan v. Spruill, 57 N. C. [4 Jones, Eq.] [N. C.] 27; Story's Eq. Pl. § 251. A demurrer to such pleading is not a confession of the fraud; for a demurrer confesses only the matters of fact which are well pleaded, and not conclusions or inferences of law or fact."

This rule has been adhered to in this jurisdiction. Olson v. Olson, 200 Ala. 56, 75 So. 313; Nat. Park Bank v. L. & N. R. Co., 199

Ala. 192, 216, 74 So. 69; Mathews v. J. F. Carroll Merc. Co., 195 Ala. 501, 70 So. 143; Cannon v. B. T. & Sav. Co., 194 Ala. 469, 476, 69 So. 934.

The allegations of the cross-bill are as follows:

"He alleges that J. E. Moody and others claim to have conveyed all their interest in said land involved in this suit to Grady or J. G. Moody, and he is seeking to hold the same under said alleged conveyance. He is not advised as to whether said conveyance is effectual to pass the interest of the other parties to said land or not. That at the time of the alleged conveyance attempted to be made by J. E. Moody, conveying his interest in said land to J. G. or Grady Moody, he was indebted to C. C. Trout by his note, which was then long past due and unpaid, as well as to other persons; and that said alleged conveyance by the said J. E. Moody was made by him and accepted by the grantee for the purpose and with the intent to hinder, delay and defraud his creditors and said E. M. Moody, the trustee of his estate in bankruptcy, and the same is void as against his said creditors and his trustee in bankruptcy, and should be set aside."

Are the allegations that the sale was with a fraudulent intent and void, or made with the intent to hinder, delay and defraud creditors sufficient? The following authorities are to the contrary: Boutwell v. Spurlin Merc. Co., 203 Ala. 482, 484, 83 So. 481; Nat. Park Bank v. L. & N. R. Co., supra; Empire Realty Co. v. Harton, 176 Ala. 99, 57 So. 763; Skinner v. South Grocery Co., 174 Ala. 359, 366, 56 So. 916; Lamar Co. v. Jones, 155 Ala. 474, 46 So. 763; Kidd, Ex'r, v. Josiah Morris & Co., 127 Ala. 393, 30 So. 508; Little v. Sterne & Co., 125 Ala. 609, 27 So. 972; Warren & Co. v. Hunt, 114 Ala. 506, 21 So. 939; Coal & Coke Co. v. Hazard Powder Co., 108 Ala. 218, 19 So. 392; Heinz v. White, 105 Ala. 670, 17 So. 185; Loucheim & Co. v. First Nat. Bank, 98 Ala. 521, 13 So. 374; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 300, 56 Am. Rep. 31; Pickett v. Pipkin, 64 Ala. 520, 523.

In Curran & Co. v. Olmstead & Scheuing, 101 Ala. 692, 14 So. 398, the opinion was by Mr. Chief Justice Stone, saying:

"The language employed by the pleader in this case is 'that said bill of sale and transfer by said Percy Olmstead to said First National Bank was voluntary, and the consideration of $5,100 is simulated in whole, or in a large measure; or, if your orators are mistaken as to said consideration being simulated, then your orators allege that said bill of sale was made by said Percy Olmstead to said First National Bank for the purpose of hindering, delaying, and defrauding his creditors, and the creditors of said Olmstead & Scheuing, and the said First National Bank of Anniston participated with said Percy Olmstead in said intention of hindering, delaying, and defrauding said creditors.' The second of these alternative averments is manifestly insufficient. To be sufficient, the facts which constitute the fraud must be stated; but it is not necessary to state the evidence which goes to prove those facts."

This authority indicates that grounds of demurrer to the cross-bill should have been sustained.

The case of Sutterer v. Morris Fert. Co., supra, was to the effect that a bill alleging the conveyance was made with intent to hinder and defraud creditors of the grantor need not allege the insolvency of the grantor under the two theories of that bill. They were (1) that the conveyance was voluntary and the recited consideration fictitious; (2) or, if for value, was for an excess of the real value actually paid for the property conveyed and for the purpose of hindering, delaying, and defrauding creditors, and "which purpose was known to said grantee." The sole ground of demurrer was that it was not "averred that the debtor * * * was insolvent at the time of the execution of such conveyance." When the limited issue before the court is thus understood, it is apparent that the last-cited authority is not contrary to the decision in Curran & Co. v. Olmstead & Scheuing, 101 Ala. 692, 14 So. 398; Mathews v. J. F. Carroll Merc. Co., 195 Ala. 501, 70 So. 143; Lester v. Barclay, 213 Ala. 515, 105 So. 808.

I am of opinion that the instant pleading cannot, in reason, be distinguished from that condemned by Mr. Chief Justice Stone in Curran & Co. v. Olmstead & Scheuing, supra.

[2] The majority indicated below are of opinion that the instant cross-bill is not subject to demurrer directed thereto, and that it is distinguishable from Curran & Co. v. Olmstead & Scheuing, 101 Ala. 692, 14 So. 398, and within the rule of Cooke v. Fenner & Beane, 214 Ala. 558, 108 So. 370.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, BOULDIN, and BROWN, JJ., concur.

THOMAS, J., dissents.